LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
    Metropolitan Transportation Authority, Elliot Sander, William
    Morange, Kevin McConville, and Terrence Culhane
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600
Craig R. Benson (CB 9531)
Stephen A. Fuchs (SF 5407)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Marilyn Y. Armstrong,  Marshall R. Mazyck, Lillian Alvarado, Gordon Urquhart, Blake J. Willett, Bryan Henry, Kenneth Davis, Eric Moore, Nzingha M. Kellman, and Michael Benjamin, | Civil Action No. 07-3561(GEL)<br><br>ECF Case |
| Plaintiffs, | **ANSWER** |
| -against- | |
| Metropolitan Transportation Authority, Elliot Sander, Executive Director and Chief Executive Officer of the MTA, William Morange, Deputy Executive Officer of the MTA, William Morange, Deputy Executive Director/Director of Security of the MTA, Kevin McConville, Chief of the MTA Police Department, and Terrance Culhane, Assistant Deputy Chief of the MTA Police Department, | |
| Defendants. | |

---

    Defendants, Metropolitan Transportation Authority (the "MTA"), Elliot Sander, William Morange, Kevin McConville, and Terrence Culhane (collectively, "Defendants"), by and through their attorneys, Littler Mendelson, P.C., hereby answer the Complaint in this matter as follows:

## AS TO THE INTRODUCTION

Defendants deny the allegations set forth in the unnumbered paragraphs of the

Introduction to the Complaint, except aver that the MTA is a public benefit corporation chartered by the State of New York to oversee mass transportation in the New York City metropolitan area within New York State and parts of Connecticut, and that in 1998 the MTA Police Department was created pursuant to legislation codified at New York Public Authorities Law §1266-h. Defendants also aver that, by the same legislation, the MTA Police Department was initially comprised of incumbent members of the police forces of MTA Metro-North Railroad ("MNR") and the MTA Long Island Rail Road ("LIRR"). Defendants further aver that in June, 2005, the members of the Staten Island Railway Police Department transferred to the MTA. Defendants also aver that the MTA Police Department currently employs approximately 728 members. Defendants admit that Kevin McConville reports to William Morange. Defendants further admit that Plaintiffs purport to assert claims under 42 U.S.C. §1981, 42 U.S.C. §1983, and the New York City Administrative Code §8-107 *et seq.*, but deny that there exists any basis in law or fact for Plaintiffs' claims.

### AS TO JURISDICTION AND VENUE

1. As the allegations set forth in paragraph 1 require a legal conclusion, no response is required.

2. As the allegations set forth in paragraph 2 require a legal conclusion, no response is required.

3. As the allegations set forth in paragraph 3 require a legal conclusion, no response is required.

4. Defendants deny the allegations set forth in paragraph 4, and aver that all Plaintiffs were employees of the MTA at some point in time.

5. Defendants deny the allegations set forth in paragraph 5, except admit that Plaintiff Marilyn Y. Armstrong ("Armstrong"), was hired in 1990 by the LIRR and that she was appointed

to the position of Detective in October 2000.  Defendants further admit that Armstrong has represented herself to the MTA as an African-American female, and she has advised the MTA that she resides in North Babylon, New York.

6.  Defendants deny the allegations set forth in paragraph 6, except admit that Plaintiff Marshall R. Mazyck ("Mazyck") was hired in 1980 by the LIRR and that he was appointed to the position of Detective in 1991.  Defendants aver that he retired from employment with the MTA, effective on or about June 29, 2007.  Defendants further admit that Mazyck has represented himself to the MTA as an African-American male, and he has advised the MTA that he resides in Freeport, New York.

7.  Defendants deny the allegations set forth in paragraph 7, except admit that Plaintiff Lillian Alvarado ("Alvarado") was hired by the LIRR in 1980 and that she was appointed to the position of Detective in 1994.  Defendants further admit that Alvarado has represented herself to the MTA as an Hispanic or Latino female, and she has advised MTA that she resides in Valley Cottage, New York.  Defendants aver that Alvarado retired from employment with the MTA, effective May 30, 2007.

8.  Defendants deny the allegations set forth in paragraph 8, except aver that Plaintiff Gordon Urquhart ("Urquhart") was hired by the LIRR in 1982, that he was appointed to the position of Detective by the LIRR in 1990, and that he retired from employment with the MTA, effective November 30, 2006.  Defendants further admit that Urquhart has represented himself to the MTA as an African-American male and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Urquhart's current residence set forth in paragraph 8.

9.  Defendants deny the allegations set forth in paragraph 9, except admit that Plaintiff Blake J. Willett ("Willett") was hired by the LIRR in 1982, was appointed to the position of

3
- -

Detective in 2000, and retired from employment with the MTA, effective June 13, 2006. Defendants further admit that Willett has represented himself to the MTA as an African-American male and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Willett's current residence set forth in paragraph 9.

10.  Defendants deny the allegations set forth in paragraph 10, except admit that Plaintiff Bryan Henry ("Henry") was hired by MNR in 1985 and was promoted by MNR to the position of Lieutenant, among other promotions he received.  Defendants aver that Henry has represented himself to the MTA as an African-American male, and he has advised the MTA that he resides in New Hyde Park, New York.

11.  Defendants deny the allegations set forth in paragraph 11, except admit that Plaintiff Nzingha M. Kellman ("Kellman") was hired by the MTA in 1999 and that she was promoted to the position of Sergeant in 2003.  Defendants aver that Kellman has represented herself to the MTA as an African-American female, and she has advised MTA that she resides in North Wilmington, Delaware.

12.  Defendants deny the allegations set forth in paragraph 12, except admit that Plaintiff Kenneth Davis ("Davis") was hired by the LIRR in 1985, was promoted by the LIRR to the position of Detective in December 1994, and retired from employment with the MTA effective January 22, 2007.  Defendants further admit that Davis has represented himself to the MTA as an African-American male and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Davis' current residence set forth in paragraph 12.

13.  Defendants deny the allegations set forth in paragraph 13, except admit that Plaintiff Eric Moore ("Moore") was hired in 1994 by the LIRR.  Defendants aver that Moore has represented himself to the MTA as an African-American male and that he has advised the MTA that he resides in Pocono Summit, Pennsylvania.

14. Defendants deny the allegations set forth in paragraph 14, except admit that Plaintiff Michael Benjamin ("Benjamin") was hired by the MTA in 2002. Defendants aver that Benjamin has represented himself to the MTA as an African-American male and that he has advised the MTA that he resides in West Hempstead, New York.

15. Defendants deny the allegations set forth in paragraph 15, except admit that the MTA is a New York State public benefit corporation created by the New York State Legislature (N.Y. Pub. Auth. Law § 1263). Pursuant to N.Y. Pub. Auth. Law § 1266-h, enacted in 1997, the MTA Police Department was created and was initially comprised of the incumbent members of the LIRR and MNR Police Departments.

16. Defendants deny the allegations set forth in paragraph 16, except admit that Elliot Sander ("Sander") is the Executive Director and Chief Executive Officer of the MTA and that Plaintiffs purport to bring claims against him in his official capacity. Defendants expressly deny that there exists any basis in law or fact for Plaintiffs' claims.

17. Defendants deny the allegations set forth in paragraph 17, except admit that William Morange ("Morange") is the Deputy Executive Director/Director of Security of the MTA and that Plaintiffs purport to bring claims against him in his official and individual capacities. Defendants expressly deny that there exists any basis in law or fact for Plaintiffs' claims.

18. Defendants deny the allegations set forth in paragraph 18, except admit that Kevin McConville ("McConville") is the Chief of the MTA Police Department and that Plaintiffs purport to bring claims against him in his official and individual capacities. Defendants expressly deny that there exists any basis in law or fact for Plaintiffs' claims.

19. Defendants deny the allegations set forth in paragraph 19, except admit that Terrence Culhane ("Culhane") is an Assistant Deputy Chief of the MTA Police Department and that Plaintiffs purport to assert claims against him in his official and individual capacities. Defendants

expressly deny that there exists any basis in law or fact for Plaintiffs' claims.

20. As the allegations of paragraph 20 neither call for an admission or denial, no response is required.

21. Defendants deny the allegations set forth in paragraph 21.

22. Defendants deny the allegations set forth in paragraph 22.

23. Defendants deny the allegations set forth in paragraph 23.

24. Defendants deny the allegations set forth in paragraph 24, and aver that MTA Police Officers can apply to transfer to special units or for appointment to the Detective Division and that such transfers or appointments, among other things, may advance their careers.

25. Defendants deny the allegations set forth in paragraph 25.

26. Defendants deny the allegations set forth in paragraph 26.

27. Defendants deny the allegations set forth in paragraph 27, except admit that MTA Police Officers may seek increased opportunities by, among other things, seeking transfer to specialized units.

28. Defendants deny the allegations set forth in paragraph 28.

29. Defendants deny the allegations set forth in paragraph 29.

30. Defendants deny the allegations set forth in paragraph 30.

31. Defendants deny the allegations set forth in paragraph 31.

32. Defendants deny the allegations set forth in paragraph 32.

33. Defendants deny the allegations set forth in paragraph 33.

34. Defendants deny the allegations set forth in paragraph 34 and respectfully refer the Court to the collective bargaining agreement by and between the MTA and the Police Benevolent Association of the Metropolitan Transportation Authority (the "PBA") governing Plaintiffs' employment and the supplemental agreements and amendments appended thereto for their true

content and meaning.

35.  Defendants deny the allegations set forth in paragraph 35.

36.  Defendants deny the allegations set forth in paragraph 36, and respectfully refer the Court to the collective bargaining agreement by and between the MTA and the PBA governing the Plaintiffs' employment and the supplemental agreements and amendments appended thereto for their true content and meaning.

37.  Defendants deny the allegations set forth in paragraph 37.

38.  Defendants deny the allegations set forth in paragraph 38.

39.  Defendants deny the allegations set forth in paragraph 39.

40.  Defendants deny the allegations set forth in paragraph 40.

41.  Defendants deny the allegations set forth in paragraph 41 and refer the Court to the MTA 20-Year Police Retirement Program of the MTA Defined Benefit Pension Plan (the "Pension Plan") for its true content and meaning.

42.  Defendants deny the allegations set forth in paragraph 42.

43.  Defendants deny the allegations set forth in paragraph 43.

44.  Defendants deny the allegations set forth in paragraph 44.

45.  Defendants deny the allegations set forth in  paragraph 45.

46.  Defendants deny the allegations set forth in paragraph 46.

47.  Defendants deny the allegations set forth in paragraph 47.

48.  Defendants deny the allegations set forth in paragraph 48, except admit that four of the ten Plaintiffs in this action have filed internal complaints with the MTA Office of Civil Rights ("OCR") during their employment.

49.  Defendants deny the allegations set forth in paragraph 49, except admit, upon information and belief, that the individual Plaintiffs filed complaints or charges of discrimination

with the New York State Division of Human Rights ("NYSDHR") and/or the United States Equal

Employment Opportunity Commission ("EEOC"). Defendants aver that the MTA received a

Determination after Investigation from the NYSDHR (the "Determination") in May 2006 with

respect to the claims raised by Armstrong and respectfully refer the Court to the text of the

Determination for its true content and meaning.

  50. Defendants deny the allegations set forth in paragraph 50.

  51. Defendants deny the allegations set forth in paragraph 51.

  52. Defendants deny the allegations set forth in paragraph 52.

  53. Defendants deny the allegations set forth in paragraph 53.

  54. Defendants deny the allegations set forth in paragraph 54.

  55. Defendants deny the allegations set forth in paragraph 55.

  56. Defendants deny the allegations set forth in paragraph 56.

  57. Defendants deny the allegations set forth in paragraph 57.

  58. Defendants deny the allegations set forth in paragraph 58.

  59. Defendants deny the allegations set forth in paragraph 59.

  60. Defendants deny the allegations set forth in paragraph 60, except admit that

Armstrong has represented herself to the MTA as an African-American female, who was hired by

the LIRR in 1990. Defendants also admit that Armstrong was appointed by the MTA to the

position of Detective in 2000 and that she currently holds the position of Detective in the

Administrative Unit of the Operations Support Division. Defendants respectfully refer the Court

to the complaint filed by Armstrong with OCR, dated April 4, 2004, and to the complaint she

filed with the NYSDHR in June 2004 for their true content and meaning. Defendants aver that in

May 2006 the MTA received a Determination After Investigation from the NYSDHR with

respect to the claims raised by Armstrong, and respectfully refer the Court to the text of the

Determination for its true content and meaning.

61. Defendants deny the allegations set forth in paragraph 61.

62. Defendants deny the allegations set forth in paragraph 62, except deny knowledge or information sufficient to form a belief as to whether or not Armstrong reported the incident alleged in paragraph 62 to the Police Benevolent Association ("PBA"), and respectfully refer the Court to Armstrong's internal complaint filed with OCR, dated April 4, 2004, for its true content and meaning.

63. Defendants deny the allegations set forth in paragraph 63, but respectfully refer the Court to Armstrong's internal complaint filed with OCR, dated April 4, 2004, for its true content and meaning.

64. Defendants admit the allegations set forth in paragraph 64.

65. Defendants deny the allegations set forth in paragraph 65.

66. Defendants deny the allegations set forth in paragraph 66, except admit that Armstrong transferred to the Applicant Investigations Unit ("AIU") in 2005.

67. Defendants deny the allegations set forth in paragraph 67.

68. Defendants deny the allegations set forth in paragraph 68 and refer the Court to the Pension Plan for its true content and meaning.

69. Defendants deny the allegations set forth in paragraph 69.

70. Defendants deny the allegations set forth in paragraph 70, except aver that in May 2006 the MTA received a Determination after Investigation from the NYSDHR with respect to the claims raised by Armstrong and respectfully refer the Court to the text of the Determination for its true content and meaning.

71. Defendants deny the allegations set forth in paragraph 71, except admit that Armstrong was transferred to the Operations Support Unit in July 2006, and that her duties in the

Operations Support Unit included overtime polling.

72. Defendants deny the allegations set forth in paragraph 72.

73. Defendants deny the allegations set forth in paragraph 73, except admit that Mazyck was hired by the LIRR in 1980 and that the LIRR appointed him to the position of Detective in 1991. Defendants aver that Mazyck retired from employment with the MTA, effective on or about June 28, 2007. Defendants further aver that Mazyck has represented to the MTA that he is an African-American male. Defendants also respectfully refer the Court to the complaint filed by Mazyck with the NYSDHR, dated June 21, 2006, for its true content and meaning.

74. Defendants deny the allegations set forth in paragraph 74.

75. Defendants deny the allegations set forth in paragraph 75.

76. Defendants deny the allegations set forth in paragraph 76.

77. Defendants deny the allegations set forth in paragraph 77, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Mazyck was the President of the MTA Fraternal Guardian Organization. Defendants also deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the second, third, fourth, and sixth sentences of paragraph 77.

78. Defendants deny the allegations set forth in paragraph 78.

79. Defendants deny the allegations set forth in paragraph 79.

80. Defendants deny the allegations set forth in paragraph 80.

81. Defendants deny the allegations set forth in paragraph 81.

82. Defendants deny the allegations set forth in paragraph 82 but respectfully refer the Court to the Pension Plan for its true content and meaning.

83. Defendants deny the allegations set forth in paragraph 83, except aver that the Detectives in the AIU were advised that the unit would be downsized in 2005 and 2006.

84. Defendants deny the allegations set forth in paragraph 84, except respectfully refer the Court to the complaint Mazyck filed with the NYSDHR, dated June 21, 2006, for its true content and meaning.

85. Defendants deny the allegations set forth in paragraph 85.

86. Defendants deny the allegations set forth in paragraph 86, except aver that Alvarado was hired in 1980 by the LIRR, and that the LIRR appointed her to the position of Detective in 1994. Defendants further aver that Alvarado has represented to the MTA that she is an Hispanic or Latino female. Defendants respectfully refer the Court to the complaint filed by Alvarado with the NYSDHR, dated July 10, 2006, for its true content and meaning.

87. Defendants deny the allegations set forth in paragraph 87.

88. Defendants deny the allegations set forth in paragraph 88.

89. Defendants deny the allegations set forth in paragraph 89 and respectfully refer the Court to the Pension Plan for its true content and meaning.

90. Defendants deny the allegations set forth in paragraph 90.

91. Defendants deny the allegations set forth in paragraph 91, except respectfully refer the Court to the complaint filed by Alvarado with the NYSDHR, dated July 10, 2006, for its true content and meaning.

92. Defendants deny the allegations set forth in paragraph 92, except admit that Alvarado transferred to the Detective Division from AIU in December 2006.

93. Defendants deny the allegations set forth in paragraph 93.

94. Defendants deny the allegations set forth in paragraph 94, except aver that Plaintiff Urquhart commenced employment with the LIRR in 1981, the LIRR appointed him to the position of Detective in 1990, and he retired from employment with the MTA, effective November 30, 2006. Defendants further aver that Urquhart has represented himself to the MTA

11
- - -

as an African-American male.

95. Defendants deny the allegations set forth in paragraph 95.

96. Defendants deny the allegations set forth in paragraph 96.

97. Defendants deny the allegations set forth in paragraph 97.

98. Defendants deny the allegations set forth in paragraph 98.

99. Defendants deny the allegations set forth in paragraph 99.

100. Defendants deny the allegations set forth in paragraph 100, except admit that Urquhart applied for and received a transfer to ICTF.

101. Defendants deny the allegations set forth in paragraph 101 and respectfully refer the Court to the Pension Plan for its true content and meaning.

102. Defendants admit that Urquhart retired from employment with the MTA in December 2006, and respectfully refer the Court to the complaint filed by Urquhart with the NYSDHR, dated June 28, 2006, for its true content and meaning.

103. Defendants deny the allegations set forth in paragraph 103.

104. Defendants deny the allegations set forth in paragraph 104, except aver that Willett has represented to the MTA that he is an African-American male. Defendants admit that Willett commenced employment with the LIRR in 1982, he was appointed by the MTA to the position of Detective in the Eastern District in 2000, and he retired from employment with the MTA on June 13, 2006. Defendants respectfully refer the Court to the complaint filed by Willett with the NYSDHR, dated July 14, 2006, for its true content and meaning.

105. Defendants deny the allegations set forth in paragraph 105.

106. Defendants deny the allegations set forth in paragraph 106.

107. Defendants deny the allegations set forth in paragraph 107.

108. Defendants deny the allegations set forth in paragraph 108.

109. Defendants deny the allegations set forth in paragraph 109.

110. Defendants deny the allegations set forth in paragraph 110.

111. Defendants deny the allegations set forth in paragraph 111.

112. Defendants deny the allegations set forth in paragraph 112.

113. Defendants deny the allegations set forth in paragraph 113 and respectfully refer the Court to the Pension Plan for its true content and meaning.

114. Defendants deny the allegations set forth in paragraph 114.

115. Defendants deny the allegations set forth in paragraph 115.

116. Defendants deny the allegations set forth in paragraph 116, except aver that Henry was hired by MNR in 1985 and was promoted by MNR to Lieutenant. Defendants aver that Henry has represented to the MTA that he is an African-American male. Defendants respectfully refer the Court to Henry's internal complaint filed with OCR, dated June 3, 2002, for its true content and meaning.

117. Defendants deny the allegations set forth in paragraph 117.

118. Defendants deny the allegations set forth in paragraph 118, except admit that Henry was promoted by MNR to Captain in 1995.

119. Defendants deny the allegations set forth in paragraph 119, except admit that Henry voluntarily became a Lieutenant in 2002, and that he submitted an application for the position of Captain in 2007.

120. Defendants deny the allegations set forth in paragraph 120, except admit that in 2005 Henry received a Letter of Instruction. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Henry's communications with the PBA.

121. Defendants deny the allegations set forth in paragraph 121.

122. Defendants deny the allegations set forth in paragraph 122, except aver that in 2006 an email with a video attachment was sent by Chief McLaughlin to certain MTA Police Department members, and respectfully refer the Court to that email for its true content.

123. Defendants deny the allegations set forth in paragraph 123, and respectfully refer the Court to Henry's internal complaint filed with OCR, dated June 2, 2002, and to his complaint filed with the NYSDHR, dated June 11, 2006, for their true content and meaning.

124. Defendants deny the allegations set forth in paragraph 124.

125. Defendants deny the allegations set forth in paragraph 125, except admit that Kellman has represented to the MTA that she is an African-American female, was hired by the MTA in 1999, and was appointed to the position of Sergeant in 2003. Defendants respectfully refer the Court to Kellman's complaint filed with the NYSDHR, dated July 11, 2006, and to her complaint filed with OCR, dated November 14, 2005, for their true content and meaning.

126. Defendants deny the allegations set forth in paragraph 126, except aver that Kellman has not been assigned to the Detective Division.

127. Defendants deny the allegations set forth in paragraph 127, except admit that in 2003 Kellman passed the written examination to become a Sergeant.

128. Defendants deny the allegations set forth in paragraph 128.

129. Defendants deny the allegations set forth in paragraph 129, except admit that Kellman submitted an application for appointment to the position of Detective Sergeant in 2005 and that her application was denied.

130. Defendants deny the allegations set forth in paragraph 130, except admit that Kellman applied for but was not chosen to participate in a Land Transportation Antiterrorism Training course in 2005.

131. Defendants deny the allegations set forth in paragraph 131, except admit that

Kellman applied for but was not chosen to participate in the Plainclothes Tactical Training course.

132.  Defendants deny the allegations set forth in paragraph 132 and respectfully refer the Court to the complaint Kellman filed with OCR, dated November 15, 2005, for its true content and meaning.

133.  Defendants deny the allegations set forth in paragraph 133, and refer the Court to the complaint Kellman filed with the NYSDHR, dated July 11, 2006, for its true content and meaning.

134.  Defendants deny the allegations set forth in paragraph 134.

135.  Defendants deny the allegations set forth in paragraph 135, except aver that Davis has represented to the MTA that he is an African-American male.  Defendants admit that Davis commenced employment in 1985 with the LIRR, that he was appointed to the position of Detective in December 1994, and that he retired from employment with the MTA, effective January 22, 2007.  Defendants respectfully refer the Court to Davis' complaint filed with the NYSDHR, dated July 14, 2006, for its true content and meaning.

136.  Defendants deny the allegations set forth in paragraph 136.

137.  Defendants deny the allegations set forth in paragraph 137.

138.  Defendants deny the allegations set forth in paragraph 138.

139.  Defendants deny the allegations set forth in paragraph 139.

140.  Defendants deny the allegations of paragraph 140, except admit that Davis transferred to the ICTF at his request.

141.  Defendants deny the allegations set forth in paragraph 141.

142.  Defendants deny the allegations set forth in paragraph 142.

143.  Defendants deny the allegations set forth in paragraph 143 and respectfully refer the

Court to the Pension Plan for its true content and meaning.

144. Defendants respectfully refer the Court to the complaint filed by Davis with the NYSDHR, dated July 13, 2006, for its true content and meaning.

145. Defendants deny the allegations set forth in paragraph 145.

146. Defendants deny the allegations set forth in paragraph 146, except aver that Moore commenced employment in 1994 with the LIRR and that Moore has represented to the MTA that he is an African-American male.

147. Defendants deny the allegations set forth in paragraph 147, except aver that Moore was not appointed to the position of Detective after submitting an application in 2005 and that his 2007 application for appointment to the position of Detective is pending.

148. Defendants deny the allegations set forth in paragraph 148, except admit that Moore was selected to participate in a Field Training Officer Program.

149. Defendants deny the allegations set forth in paragraph 149.

150. Defendants deny the allegations set forth in paragraph 150, except admit that Moore was selected to attend a Plainclothes Tactical Training Course.

151. Defendants deny the allegations set forth in paragraph 151.

152. Defendants deny the allegations set forth in paragraph 152.

153. Defendants respectfully refer the Court to the complaint filed by Moore with the NYSDHR, dated July 21, 2006, for its true content and meaning.

154. Defendants deny the allegations set forth in paragraph 154.

155. Defendants deny the allegations set forth in paragraph 155, except aver that Benjamin has represented to the MTA that he is an African-American male, that the MTA hired Benjamin in 2002, and that he is currently employed by the MTA and assigned to the Eastern District of the MTA Police Department.  Defendants respectfully refer the Court to the complaint

16

Benjamin filed with OCR, dated November 21, 2005, and to the charge of discrimination he filed with the United States Equal Employment Opportunity Commission ("EEOC"), dated May 25, 2006, for their true content and meaning.

156. Defendants deny the allegations set forth in paragraph 156, except respectfully refer the Court to the complaint Benjamin filed with OCR, dated November 21, 2005, and to a letter he sent to McConville, dated November 23, 2005, for their true content and meaning.

157. Defendants deny the allegations set forth in paragraph 157 and aver that the MTA placed Benjamin on sick leave because he reported that he was too stressed to continue working and relieved him of his weapon in accordance with MTA Police Department policy and practice. Defendants further aver that Benjamin retrieved his weapon only after he was cleared for full duty by the MTA Medical Department.

158. Defendants deny the allegations set forth in paragraph 158, except admit that Benjamin submitted abstracts seeking appointment to the position of Detective in 2003 and 2004 and that he was not appointed to the position.

159. Defendants respectfully refer the Court to the charge of discrimination filed by Benjamin with the EEOC, dated May 26, 2006, for its true content and meaning.

160. Defendants deny the allegations of paragraph 160.

161. As the allegations of paragraph 161 neither call for an admission or denial, no response is required.

162. Defendants repeat their answers to the allegations set forth in paragraphs "1" through "161," as if fully set forth herein.

163. Defendants deny the allegations set forth in paragraph 163.

164. Defendants deny the allegations set forth in paragraph 164.

165. Defendants deny the allegations set forth in paragraph 165.

166. Defendants deny the allegations set forth in paragraph 166.

167. Defendants deny the allegations set forth in paragraph 167.

168. Defendants deny the allegations set forth in paragraph 168.

169. Defendants deny the allegations set forth in paragraph 169.

170. Defendants deny the allegations set forth in paragraph 170 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 170.

171. Defendants repeat their answers to the allegations set forth in paragraphs "1" through "170," as if fully set forth herein.

172. Defendants deny the allegations set forth in paragraph 172.

173. Defendants deny the allegations set forth in paragraph 173.

174. Defendants deny the allegations set forth in paragraph 174.

175. Defendants deny the allegations of paragraph 175 and specifically deny that Plaintiffs are entitled to any of the recovery set forth paragraph 175.

176. Defendants repeat their answers to the allegations set forth in paragraphs "1" through "175," as if fully set forth herein.

177. Defendants deny the allegations set forth in paragraph 177.

178. Defendants deny the allegations set forth in paragraph 178.

179. Defendants deny the allegations set forth in paragraph 179.

180. Defendants deny the allegations set forth in paragraph 180.

181. Defendants deny the allegations set forth in paragraph 181.

182. Defendants deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 182.

183. Defendants deny that Plaintiffs are entitled to any of the recovery set forth in the "WHEREFORE" clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

184. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

185. Punitive damages are not recoverable against some or all Defendants.

### THIRD AFFIRMATIVE DEFENSE

186. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

187. Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, laches, or any combination of these doctrines.

### FIFTH AFFIRMATIVE DEFENSE

188. The Complaint is barred, in whole or in part, because, upon information and belief, the applicable administrative procedures and conditions precedent were not properly effectuated or complied with prior to the commencement of this action.

### SIXTH AFFIRMATIVE DEFENSE

189. Defendants are exempt from the provisions of the New York City Human Rights Law, N.Y.C.A.C. § 8-107 *et seq.*, pursuant to N.Y. Public Authorities Law § 1266(8) (McKinney's 2000).

### SEVENTH AFFIRMATIVE DEFENSE

190. Plaintiffs' hostile work environment claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior, by having in place preventive policies and complaint procedures known and publicized

to the Plaintiffs, and some or all Plaintiffs unreasonably failed to take advantage of available preventive or corrective opportunities provided by Defendants, or to otherwise avoid harm.

### EIGHTH AFFIRMATIVE DEFENSE

191.  Some or all of the Plaintiffs are estopped and barred by their own conduct from recovering the relief they seek in this action.

### NINTH AFFIRMATIVE DEFENSE

192.  The Complaint is barred as to some or all of the Plaintiffs because of their own comparative or contributory fault.

### TENTH AFFIRMATIVE DEFENSE

193.  Plaintiffs' claims, or the damages they seek to recover, are barred, in whole or in part, as to some or all Plaintiffs by their failure to mitigate their damages.

### ELEVENTH AFFIRMATIVE DEFENSE

194.  Defendants relied at all times upon good faith, nondiscriminatory reasons, policies and procedures other than race or engagement in alleged protected activity in making all decisions relevant to the terms and conditions of Plaintiffs' employment.

### TWELFTH AFFIRMATIVE DEFENSE

195.  Insofar as some or all of the Plaintiffs purport to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law, Art. 2, §§ 10-11.

### THIRTEENTH AFFIRMATIVE DEFENSE

196.  The Individual Defendants are immune from Plaintiff's claims pursuant to 42 U.S.C. § 1983, in whole or in part, because they took no actions towards the Plaintiffs under color of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

197.  The Individual Defendants are immune from Plaintiffs' claims pursuant to 42 U.S.C. § 1983 because the alleged conduct of the Individual Defendants did not violate any clearly established statutory or constitutional right of any Plaintiff of which a reasonable person would have known.

## FIFTEENTH AFFIRMATIVE DEFENSE

198.  The Individual Defendants are immune from Plaintiff's claims pursuant to 42 U.S.C. § 1983 because they reasonably believed that any alleged conduct on their part did not violate the statutory or Constitutional rights of any Plaintiff.


WHEREFORE, Defendants demand that (i) the Complaint, and each of the claims asserted therein, be dismissed; (ii) the Court deny each and every element of damages requested in connection with every claim set forth in the Complaint; (iii) they be awarded their costs, including attorneys' fees, in defending this action; and (iv) they be granted such other relief as this Court deems just and proper.

Date:    July 13, 2007
         New York, New York

                                                s/
                                                _____
                                                Craig R. Benson (CB 9531)
                                                Stephen A. Fuchs (SF 5407)
                                                LITTLER MENDELSON
                                                  A Professional Corporation
                                                885 Third Avenue, 16th Floor
                                                New York, NY  10022.4834
                                                212.583.9600

                                                Attorneys for Defendants
                                                  Metropolitan Transportation Authority, Elliot
                                                  Sander, William Morange, Kevin
                                                  McConville, and Terrence Culhane

Firmwide:82642414.5 039247.1016