LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
    Metropolitan Transportation Authority, Elliot Sander, William
    Morange, Kevin McConville, and Terrence Culhane
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600
Craig R. Benson (CB 9531)
Stephen A. Fuchs (SF 5407)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Marilyn Y. Armstrong,  Marshall R. Mazyck, Lillian Alvarado, Gordon Urquhart, Blake J. Willett, Bryan Henry, Kenneth Davis, Eric Moore, Nzingha M. Kellman, and Michael Benjamin, | Civil Action No. 07-3561(GEL) |
| | ECF Case |
| Plaintiffs, | |
| -against- | **ANSWER TO AMENDED COMPLAINT** |
| Metropolitan Transportation Authority, Elliot Sander, Executive Director and Chief Executive Officer of the MTA, William Morange, Deputy Executive Officer of the MTA, William Morange, Deputy Executive Director/Director of Security of the MTA, Kevin McConville, Chief of the MTA Police Department, and Terrance Culhane, Assistant Deputy Chief of the MTA Police Department, | |
| Defendants. | |

---

       Defendants, Metropolitan Transportation Authority (the "MTA"), Elliot Sander, William

Morange, Kevin McConville, and Terrence Culhane (collectively, "Defendants"), by and through

their attorneys, Littler Mendelson, P.C., hereby answer the Amended Complaint in this matter as

follows:

## AS TO THE INTRODUCTION

Defendants deny the allegations set forth in the unnumbered paragraphs of the Introduction to the Complaint, except aver that the MTA is a public benefit corporation chartered by the State of New York to oversee mass transportation in the New York City metropolitan area within New York State and parts of Connecticut, and that in 1998 the MTA Police Department was created pursuant to legislation codified at New York Public Authorities Law §1266-h. Defendants also aver that, by the same legislation, the MTA Police Department was initially comprised of incumbent members of the police forces of MTA Metro-North Railroad ("MNR") and the MTA Long Island Rail Road ("LIRR"). Defendants further aver that in June, 2005, the members of the Staten Island Railway Police Department transferred to the MTA. Defendants also aver that the MTA Police Department currently employs approximately 728 members. Defendants admit that Kevin McConville reports to William Morange. Defendants further admit that Plaintiffs purport to assert claims under 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. 2000e *et seq.*, N.Y. Exec L. §290 *et seq.,* and the New York City Administrative Code §8-107 *et seq.*, but deny that there exists any basis in law or fact for Plaintiffs' claims.

## AS TO JURISDICTION AND VENUE

1.  As the allegations set forth in paragraph 1 require a legal conclusion, no response is required.

2.  As the allegations set forth in paragraph 2 require a legal conclusion, no response is required.

3.  As the allegations set forth in paragraph 3 require a legal conclusion, no response is required.

4.  Defendants deny the allegations set forth in paragraph 4, and aver that all Plaintiffs were employees of the MTA at some point in time.

2

5.  Defendants deny the allegations set forth in paragraph 5, except admit that Plaintiff Marilyn Y. Armstrong ("Armstrong"), was hired in 1990 by the LIRR and that she was appointed to the position of Detective in October 2000.  Defendants further admit that Armstrong has represented herself to the MTA as an African-American female, and she has advised the MTA that she resides in North Babylon, New York.

6.  Defendants deny the allegations set forth in paragraph 6, except admit that Plaintiff Marshall R. Mazyck ("Mazyck") was hired in 1980 by the LIRR and that he was appointed to the position of Detective in 1991.  Defendants further admit that Mazyck retired from employment with the MTA, effective on or about June 29, 2007.  Defendants further admit that Mazyck has represented himself to the MTA as an African-American male, and he has advised the MTA that he resides in Freeport, New York.

7.  Defendants deny the allegations set forth in paragraph 7, except admit that Plaintiff Lillian Alvarado ("Alvarado") was hired by the LIRR in 1980 and that she was appointed to the position of Detective in 1994.  Defendants further admit that Alvarado has represented herself to the MTA as an Hispanic or Latino female, and she has advised MTA that she resides in Valley Cottage, New York.  Defendants admit that Alvarado retired from employment with the MTA, effective May 30, 2007.

8.  Defendants deny the allegations set forth in paragraph 8, except aver that Plaintiff Gordon Urquhart ("Urquhart") was hired by the LIRR in 1982, that he was appointed to the position of Detective by the LIRR in 1990.  Defendants admit that Urquhart retired from employment with the MTA, effective November 30, 2006.  Defendants further admit that Urquhart has represented himself to the MTA as an African-American male and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Urquhart's current residence set forth in paragraph 8.

3

9.  Defendants deny the allegations set forth in paragraph 9, except admit that Plaintiff Blake J. Willett ("Willett") was hired by the LIRR in 1982, was appointed to the position of Detective in 2000, and retired from employment with the MTA, effective June 13, 2006. Defendants further admit that Willett has represented himself to the MTA as an African-American male and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Willett's current residence set forth in paragraph 9.

10.  Defendants deny the allegations set forth in paragraph 10, except admit that Plaintiff Bryan Henry ("Henry") was hired by MNR in 1985 and was promoted by MNR to the position of Lieutenant, among other promotions he received.  Defendants aver that Henry has represented himself to the MTA as an African-American male, and he has advised the MTA that he resides in New Hyde Park, New York.

11.  Defendants deny the allegations set forth in paragraph 11, except admit that Plaintiff Nzingha M. Kellman ("Kellman") was hired by the MTA in 1999 and that she was promoted to the position of Sergeant in 2003.  Defendants aver that Kellman has represented herself to the MTA as an African-American female, and she has advised MTA that she resides in North Wilmington, Delaware.

12.  Defendants deny the allegations set forth in paragraph 12, except admit that Plaintiff Kenneth Davis ("Davis") was hired by the LIRR in 1985, was promoted by the LIRR to the position of Detective in December 1994, and retired from employment with the MTA effective January 22, 2007.  Defendants further admit that Davis has represented himself to the MTA as an African-American male and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Davis' current residence set forth in paragraph 12.

13.  Defendants deny the allegations set forth in paragraph 13, except admit that Plaintiff Eric Moore ("Moore") was hired in 1994 by the LIRR.  Defendants aver that Moore has

represented himself to the MTA as an African-American male and that he has advised the MTA that he resides in Pocono Summit, Pennsylvania.

14.    Defendants deny the allegations set forth in paragraph 14, except admit that Plaintiff Michael Benjamin ("Benjamin") was hired by the MTA in 2002.  Defendants aver that Benjamin has represented himself to the MTA as an African-American male and that he has advised the MTA that he resides in West Hempstead, New York.

15.    Defendants deny the allegations set forth in paragraph 15, except admit that the MTA is a New York State public benefit corporation created by the New York State Legislature (N.Y. Pub. Auth. Law § 1263).  Pursuant to N.Y. Pub. Auth. Law § 1266-h, effective January 1, 1998, the MTA Police Department was created and was initially comprised of the incumbent members of the LIRR and MNR Police Departments.

16.    Defendants deny the allegations set forth in paragraph 16, except admit that Elliot Sander ("Sander") is the Executive Director and Chief Executive Officer of the MTA and that Plaintiffs purport to bring claims against him in his official capacity.  Defendants expressly deny that there exists any basis in law or fact for Plaintiffs' claims.

17.    Defendants deny the allegations set forth in paragraph 17, except admit that William Morange ("Morange") is the Deputy Executive Director/Director of Security of the MTA and that Plaintiffs purport to bring claims against him in his official capacity.  Defendants expressly deny that there exists any basis in law or fact for Plaintiffs' claims.

18.    Defendants deny the allegations set forth in paragraph 18, except admit that Kevin McConville ("McConville") is the Chief of the MTA Police Department and that Plaintiffs purport to bring claims against him in his official and individual capacities.  Defendants expressly deny that there exists any basis in law or fact for Plaintiffs' claims.

19.    Defendants deny the allegations set forth in paragraph 19, except admit that Terrence

Culhane ("Culhane") is an Assistant Deputy Chief of the MTA Police Department and that Plaintiffs purport to assert claims against him in his official and individual capacities.  Defendants expressly deny that there exists any basis in law or fact for Plaintiffs' claims.

20.  Defendants deny the allegations set forth in paragraph 20.

21.  Defendants deny the allegations set forth in paragraph 21.

22.  Defendants deny the allegations set forth in paragraph 22.

23.  Defendants deny the allegations set forth in paragraph 23.

24.  Defendants deny the allegations set forth in paragraph 24, and aver that MTA Police Officers can apply to transfer to special units or for appointment to the Detective Division and that such transfers or appointments, among other things, may advance their careers.

25.  Defendants deny the allegations set forth in paragraph 25.

26.  Defendants deny the allegations set forth in paragraph 26.

27.  Defendants deny the allegations set forth in paragraph 27, except admit that MTA Police Officers may seek increased opportunities by, among other things, seeking transfer to specialized units.

28.  Defendants deny the allegations set forth in paragraph 28.

29.  Defendants deny the allegations set forth in paragraph 29.

30.  Defendants deny the allegations set forth in paragraph 30.

31.  Defendants deny the allegations set forth in paragraph 31.

32.  Defendants deny the allegations set forth in paragraph 32.

33.  Defendants deny the allegations set forth in paragraph 33.

34.  Defendants deny the allegations set forth in paragraph 34 and respectfully refer the Court to the collective bargaining agreement by and between the MTA and the Police Benevolent Association of the Metropolitan Transportation Authority (the "PBA") governing Plaintiffs'

employment and the supplemental agreements and amendments appended thereto for their true content and meaning.

35.  Defendants deny the allegations set forth in paragraph 35.

36.  Defendants deny the allegations set forth in paragraph 36, and respectfully refer the Court to the collective bargaining agreement by and between the MTA and the PBA governing the Plaintiffs' employment and the supplemental agreements and amendments appended thereto for their true content and meaning.

37.  Defendants deny the allegations set forth in paragraph 37.

38.  Defendants deny the allegations set forth in paragraph 38.

39.  Defendants deny the allegations set forth in paragraph 39.

40.  Defendants deny the allegations set forth in paragraph 40.

41.  Defendants deny the allegations set forth in paragraph 41 and refer the Court to the MTA 20-Year Police Retirement Program of the MTA Defined Benefit Pension Plan (the "Pension Plan") for its true content and meaning.

42.  Defendants deny the allegations set forth in paragraph 42.

43.  Defendants deny the allegations set forth in paragraph 43.

44.  Defendants deny the allegations set forth in paragraph 44.

45.  Defendants deny the allegations set forth in  paragraph 45.

46.  Defendants deny the allegations set forth in paragraph 46.

47.  Defendants deny the allegations set forth in paragraph 47.

48.  Defendants deny the allegations set forth in paragraph 48.

49.  Defendants deny the allegations set forth in paragraph 49, except admit that the Plaintiffs in this action have filed Complaints and/or Charges with the New York State Division of Human Rights ("NYSDHR") and/or the United States Equal Employment Opportunity

Commission ("EEOC"), and that four of the ten Plaintiffs in this action have filed internal complaints with the MTA Office of Civil Rights ("OCR") during their employment.

50.  Defendants deny the allegations set forth in paragraph 50.

51.  Defendants deny the allegations set forth in paragraph 51.

52.  Defendants deny the allegations set forth in paragraph 52, except admit, upon information and belief, that Armstrong filed two complaints with the NYSDHR, dated June 21, 2004 and October 10, 2006, and respectfully refer the Court to the Complaints for their true content and meaning.  Defendants further admit, upon information and belief, that Armstrong cross-filed her Complaints with the EEOC.  Defendants aver that the MTA received a Determination after Investigation from the NYSDHR (the "Determination") in May 2006 with respect to the claims raised by Armstrong and respectfully refer the Court to the text of the Determination for its true content and meaning.  Defendants further aver that the MTA received orders of dismissal for administrative convenience from the NYSDHR with respect to both Complaints filed by Armstrong.  Defendants further admit that Armstrong filed a Complaint with OCR dated April 2, 2004, and respectfully refer the Court to the Complaint for its true content and meaning.  Defendants aver that OCR's investigation into Armstrong's Complaint was administratively closed by letter dated July 6, 2004, and respectfully refer the Court to the letter for its true content and meaning.  Defendants deny knowledge or information sufficient to form a belief as to truth or falsity of the allegations set forth in paragraph 52 concerning Armstrong's receipt of Notices of Right to Sue from the EEOC.

53.  Defendants deny the allegations set forth in paragraph 53, except admit, upon information and belief, that Mazyck filed a Complaint with the NYSDHR dated June 21, 2006, and respectfully refer the Court to the Complaint for its true content and meaning.  Defendants further admit, upon information and belief, that Mazyck cross-filed his Complaint with the

EEOC.  Defendants aver that the MTA received an order of dismissal for administrative convenience with respect to the Complaint filed by Mazyck.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 concerning Mazyck's receipt of a Notice of Right to Sue from the EEOC.

54.  Defendants deny the allegations set forth in paragraph 54, except admit, upon information and belief, that Alvarado filed a Complaint with the NYSDHR dated July 10, 2006, and respectfully refer the Court to the Complaint for its true content and meaning.  Defendants further admit, upon information and belief, that Alvarado cross-filed her Complaint with the EEOC.  Defendants aver that the MTA received an order of dismissal for administrative convenience with respect to the Complaint filed by Alvarado.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 concerning Alvarado's receipt of a Notice of Right to Sue from the EEOC.

55.  Defendants deny the allegations set forth in paragraph 55, except admit, upon information and belief, that Urquhart filed a Complaint with the NYSDHR dated June 28, 2006, and respectfully refer the Court to the Complaint for its true content and meaning.  Defendants further admit, upon information and belief, that Urquhart cross-filed his Complaint with the EEOC.  Defendants aver that the MTA received an order of dismissal for administrative convenience with respect to the Complaint filed by Urquhart.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 concerning Urquhart's receipt of a Notice of Right to Sue from the EEOC.

56.  Defendants deny the allegations set forth in paragraph 56, except admit, upon information and belief, that Willett filed a Complaint with the NYSDHR dated July 14, 2006, and respectfully refer the Court to the Complaint for its true content and meaning.  Defendants further admit, upon information and belief, that Willett cross-filed his Complaint with the EEOC.

9

Defendants aver that the MTA received an order of dismissal for administrative convenience with respect to the Complaint filed by Willett.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 concerning Willett's receipt of a Notice of Right to Sue from the EEOC.

57.  Defendants deny the allegations set forth in paragraph 57, except admit, upon information and belief, that Henry filed a Complaint with the NYSDHR dated July 11, 2006, and respectfully refer the Court to the Complaint for its true content and meaning.  Defendants further admit, upon information and belief, that Henry cross-filed his Complaint with the EEOC. Defendants aver that the MTA received an order of dismissal for administrative convenience with respect to the Complaint filed by Henry.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 concerning Henry's receipt of a Notice of Right to Sue from the EEOC.  Defendants further admit that Henry filed a Complaint with OCR dated June 3, 2002, and respectfully refer the Court to the Complaint for its true content and meaning.

58.  Defendants deny the allegations set forth in paragraph 58, except admit, upon information and belief, that Kellman filed a Complaint with the NYSDHR dated July 11, 2006, and respectfully refer the Court to the Complaint for its true content and meaning.  Defendants admit, upon information and belief, that Kellman cross-filed her Complaint with the EEOC. Defendants aver that the MTA received an order of dismissal for administrative convenience with respect to the Complaint filed by Kellman.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 concerning Kellman filing a second Complaint with the NYSDHR and her receipt of a Notice of Right to Sue from the EEOC.

59.  Defendants deny the allegations set forth in paragraph 59, except admit, upon

information and belief, that Davis filed a Complaint with the NYSDHR dated July 14, 2006, and respectfully refer the Court to the Complaint for its true content and meaning. Defendants further admit, upon information and belief, that Davis cross-filed his Complaint with the EEOC. Defendants aver that the MTA received an order of dismissal for administrative convenience with respect to the Complaint filed by Davis. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 concerning Davis' receipt of a Notice of Right to Sue from the EEOC.

60. Defendants deny the allegations set forth in paragraph 60, except admit, upon information and belief, that Moore filed a Complaint with the NYSDHR dated July 21, 2006, and respectfully refer the Court to the Complaint for its true content and meaning. Defendants further admit, upon information and belief, that Moore cross-filed his Complaint with the EEOC. Defendants aver that the MTA received an order of dismissal for administrative convenience with respect to the Complaint filed by Moore. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 60 concerning Moore's receipt of a Notice of Right to Sue from the EEOC.

61. Defendants deny the allegations set forth in paragraph 61, except admit, upon information and belief, that Benjamin filed a Charge with the EEOC dated March 13, 2006, and respectfully refer the Court to the Complaint for its true content and meaning. Defendants aver that the MTA received a Notice of Right to Sue with respect to the Charge filed by Benjamin. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 concerning Benjamin's receipt of a Notice of Right to Sue from the EEOC. Defendants further admit that Benjamin filed a Complaint with OCR dated November 21, 2005, and respectfully refer the Court to the Complaint for its true content and meaning. Defendants aver that OCR advised Benjamin of the results of its investigation by letter

11

dated April 21, 2006, and respectfully refer the Court to the letter for its true content and meaning.

62. Defendants deny the allegations set forth in paragraph 62.

63. Defendants deny the allegations set forth in paragraph 63.

64. Defendants deny the allegations set forth in paragraph 64.

65. Defendants deny the allegations set forth in paragraph 65.

66. Defendants deny the allegations set forth in paragraph 66.

67. Defendants deny the allegations set forth in paragraph 67.

68. Defendants deny the allegations set forth in paragraph 68.

69. Defendants deny the allegations set forth in paragraph 69.

70. Defendants deny the allegations set forth in paragraph 70.

71. Defendants deny the allegations set forth in paragraph 71, except admit that Armstrong has represented herself to the MTA as an African-American female, who was hired by the LIRR in 1990.  Defendants also admit that Armstrong was appointed by the MTA to the position of Detective in 2000 and that she currently holds the position of Detective in the Administrative Unit of the Operations Support Division.

72. Defendants deny the allegations set forth in paragraph 72.

73. Defendants deny the allegations set forth in paragraph 73, except deny knowledge or information sufficient to form a belief as to whether or not Armstrong reported the incident alleged in paragraph 73 to the Police Benevolent Association ("PBA").

74. Defendants deny the allegations set forth in paragraph 74, and respectfully refer the Court to Armstrong's internal complaint filed with OCR, dated April 4, 2004, for its true content and meaning.

75. Defendants admit the allegations set forth in paragraph 75.

76.  Defendants deny the allegations set forth in paragraph 76.

77.  Defendants deny the allegations set forth in paragraph 77, except admit that Armstrong transferred to the Applicant Investigations Unit ("AIU") in 2005.

78.  Defendants deny the allegations set forth in paragraph 78.

79.  Defendants deny the allegations set forth in paragraph 79 and refer the Court to the Pension Plan for its true content and meaning.

80.  Defendants deny the allegations set forth in paragraph 80.

81.  Defendants deny the allegations set forth in paragraph 81.

82.  Defendants deny the allegations set forth in paragraph 82, except aver that in May 2006 the MTA received a Determination after Investigation from the NYSDHR with respect to the claims raised by Armstrong and respectfully refer the Court to the text of the Determination for its true content and meaning.

83.  Defendants deny the allegations set forth in paragraph 83, except admit that Armstrong was transferred to the Operations Support Unit in July 2006, and that her duties in the Operations Support Unit included overtime polling.

84.  Defendants deny the allegations set forth in paragraph 84, except aver that MTA issued an Interim Order dated May 3, 2007, and respectfully refer the Court to the Interim Order for its full content and meaning.

85.  Defendants deny the allegations set forth in paragraph 85.

86.  Defendants deny the allegations set forth in paragraph 86.

87.  Defendants deny the allegations set forth in paragraph 87, except admit that Mazyck was hired by the LIRR in 1980, that the LIRR appointed him to the position of Detective in 1991, and that Mazyck retired from employment with the MTA, effective on or about June 28, 2007. Defendants further aver that Mazyck has represented to the MTA that he is an African-American

13

male.  Defendants also respectfully refer the Court to the complaint filed by Mazyck with the

NYSDHR, dated June 21, 2006, for its true content and meaning.

88.  Defendants deny the allegations set forth in paragraph 88.

89.  Defendants deny the allegations set forth in paragraph 89.

90.  Defendants deny the allegations set forth in paragraph 90.

91.  Defendants deny the allegations set forth in paragraph 91, except deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations that Mazyck was

the President of the MTA Fraternal Guardian Organization.  Defendants also deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations set forth in the

second, third, fourth, and sixth sentences of paragraph 91.

92.  Defendants deny the allegations set forth in paragraph 92.

93.  Defendants deny the allegations set forth in paragraph 93.

94.  Defendants deny the allegations set forth in paragraph 94.

95.  Defendants deny the allegations set forth in paragraph 95.

96.  Defendants deny the allegations set forth in paragraph 96 and respectfully refer the

Court to the Pension Plan for its true content and meaning.

97.  Defendants deny the allegations set forth in paragraph 97, except aver that the

Detectives in the AIU were advised that the unit would be downsized in 2005 and 2006.

98.  Defendants deny the allegations set forth in paragraph 98, except admit that Mazyck

retired on June 28, 2007, and respectfully refer the Court to the complaint Mazyck filed with the

NYSDHR, dated June 21, 2006, for its true content and meaning.

99.  Defendants deny the allegations set forth in paragraph 99.

100.  Defendants deny the allegations set forth in paragraph 100, except aver that

Alvarado was hired in 1980 by the LIRR, and that the LIRR appointed her to the position of

Detective in 1994. Defendants further aver that Alvarado has represented to the MTA that she is an Hispanic or Latino female. Defendants respectfully refer the Court to the complaint filed by Alvarado with the NYSDHR, dated July 10, 2006, for its true content and meaning.

101. Defendants deny the allegations set forth in paragraph 101.

102. Defendants deny the allegations set forth in paragraph 102.

103. Defendants deny the allegations set forth in paragraph 103 and respectfully refer the Court to the Pension Plan for its true content and meaning.

104. Defendants deny the allegations set forth in paragraph 104.

105. Defendants deny the allegations set forth in paragraph 105, except respectfully refer the Court to the complaint filed by Alvarado with the NYSDHR, dated July 10, 2006, for its true content and meaning.

106. Defendants deny the allegations set forth in paragraph 106, except admit that Alvarado transferred to the Detective Division from AIU in December 2006.

107. Defendants deny the allegations set forth in paragraph 107.

108. Defendants deny the allegations of paragraph 108, except aver that Alvarado retired from employment with the MTA in May 2007.

109. Defendants deny the allegations set forth in paragraph 109.

110. Defendants deny the allegations set forth in paragraph 110, except aver that Plaintiff Urquhart commenced employment with the LIRR in 1981, the LIRR appointed him to the position of Detective in 1990, and he retired from employment with the MTA, effective November 30, 2006. Defendants further aver that Urquhart has represented himself to the MTA as an African-American male.

111. Defendants deny the allegations set forth in paragraph 111.

112. Defendants deny the allegations set forth in paragraph 112.

15

113.  Defendants deny the allegations set forth in paragraph 113.

114.  Defendants deny the allegations set forth in paragraph 114.

115.  Defendants deny the allegations set forth in paragraph 115.

116.  Defendants deny the allegations set forth in paragraph 116, except admit that Urquhart applied for and received a transfer to ICTF.

117.  Defendants deny the allegations set forth in paragraph 117 and respectfully refer the Court to the Pension Plan for its true content and meaning.

118.  Defendants admit that Urquhart retired from employment with the MTA in December 2006, and respectfully refer the Court to the complaint filed by Urquhart with the NYSDHR, dated June 28, 2006, for its true content and meaning.

119.  Defendants deny the allegations set forth in paragraph 119.

120.  Defendants deny the allegations set forth in paragraph 120, except aver that Willett has represented to the MTA that he is an African-American male.  Defendants admit that Willett commenced employment with the LIRR in 1982, he was appointed by the MTA to the position of Detective in the Eastern District in 2000, and he retired from employment with the MTA on June 13, 2006.  Defendants respectfully refer the Court to the complaint filed by Willett with the NYSDHR, dated July 14, 2006, for its true content and meaning.

121.  Defendants deny the allegations set forth in paragraph 121.

122.  Defendants deny the allegations set forth in paragraph 122.

123.  Defendants deny the allegations set forth in paragraph 123.

124.  Defendants deny the allegations set forth in paragraph 124.

125.  Defendants deny the allegations set forth in paragraph 125.

126.  Defendants deny the allegations set forth in paragraph 126.

127.  Defendants deny the allegations set forth in paragraph 127.

128.  Defendants deny the allegations set forth in paragraph 128.

129.  Defendants deny the allegations set forth in paragraph 129.

130.  Defendants deny the allegations of paragraph 130 and respectfully refer the Court to the Pension Plan for its true content and meaning.

131.  Defendants deny the allegations set forth in paragraph 131.

132.  Defendants deny the allegations set forth in paragraph 132.

133.  Defendants deny the allegations set forth in paragraph 133, except aver that Henry was hired by MNR in 1985 and was promoted by MNR to Lieutenant.  Defendants aver that Henry has represented to the MTA that he is an African-American male.  Defendants respectfully refer the Court to Henry's internal complaint filed with OCR, dated June 3, 2002, for its true content and meaning.

134.  Defendants deny the allegations set forth in paragraph 134.

135.  Defendants deny the allegations set forth in paragraph 135, except admit that Henry was promoted by MNR to Captain in 1995.

136.  Defendants deny the allegations set forth in paragraph 136, except admit that Henry voluntarily became a Lieutenant in 2002, and that he submitted an application for the position of Captain in 2007.

137.  Defendants deny the allegations set forth in paragraph 137, except admit that in 2005 Henry received a Letter of Instruction.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Henry's communications with the PBA.

138.  Defendants deny the allegations set forth in paragraph 138.

139.  Defendants deny the allegations set forth in paragraph 139, except aver that in 2006 an email with a video attachment was sent by Chief McLaughlin to certain MTA Police

Department members, and respectfully refer the Court to that email for its true content.

140. Defendants deny the allegations set forth in paragraph 140, and respectfully refer the Court to Henry's internal complaint filed with OCR, dated June 2, 2002, and to his complaint filed with the NYSDHR, dated June 11, 2006, for their true content and meaning.

141. Defendants deny the allegations set forth in paragraph 141.

142. Defendants deny the allegations set forth in paragraph 142.

143. Defendants deny the allegations set forth in paragraph 143.

144. Defendants deny the allegations set forth in paragraph 144, except admit that Kellman has represented to the MTA that she is an African-American female, was hired by the MTA in 1999, and was appointed to the position of Sergeant in 2003. Defendants respectfully refer the Court to Kellman's complaint filed with the NYSDHR, dated July 11, 2006, and to her complaint filed with OCR, dated November 14, 2005, for their true content and meaning.

145. Defendants deny the allegations set forth in paragraph 145, except aver that Kellman has not been assigned to the Detective Division.

146. Defendants deny the allegations set forth in paragraph 146, except admit that in 2003 Kellman passed the written examination to become a Sergeant.

147. Defendants deny the allegations set forth in paragraph 147, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "[n]o black female has been promoted to Detective Sergeant at the MTA."

148. Defendants deny the allegations set forth in paragraph 148, except admit that Kellman submitted an application for appointment to the position of Detective Sergeant in 2005 and that her application was denied.

149. Defendants deny the allegations set forth in paragraph 149, except admit that Kellman applied for but was not chosen to participate in a Land Transportation Antiterrorism

Training course in 2005, and deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiffs' allegation that no African American female or Hispanic female member has been offered "Executive Protection Training."

150.  Defendants deny the allegations set forth in paragraph 150, except admit that Kellman applied for but was not chosen to participate in the Plainclothes Tactical Training course.

151.  Defendants deny the allegations set forth in paragraph 151 and respectfully refer the Court to the complaint Kellman filed with OCR, dated November 15, 2005, for its true content and meaning.

152.  Defendants deny the allegations set forth in paragraph 152, and refer the Court to the complaint Kellman filed with the NYSDHR, dated July 11, 2006, for its true content and meaning.

153.  Defendants deny the allegations set forth in paragraph 153, except admit that Kellman took an examination to be eligible for promotion to the position of Lieutenant, and refer the Court to Personnel Order 07-137, dated June 5, 2007, for its true content and meaning.

154.  Defendants deny the allegations set forth in paragraph 154.

155.  Defendants deny the allegations set forth in paragraph 155.

156.  Defendants deny the allegations set forth in paragraph 156, except aver that Davis has represented to the MTA that he is an African-American male.  Defendants admit that Davis commenced employment in 1985 with the LIRR, that he was appointed to the position of Detective in December 1994, and that he retired from employment with the MTA, effective January 22, 2007.  Defendants respectfully refer the Court to Davis' complaint filed with the NYSDHR, dated July 14, 2006, for its true content and meaning.

157.  Defendants deny the allegations set forth in paragraph 157.

158. Defendants deny the allegations set forth in paragraph 158.

159. Defendants deny the allegations set forth in paragraph 159.

160. Defendants deny the allegations set forth in paragraph 160.

161. Defendants deny the allegations of paragraph 161, except admit that Davis transferred to the ICTF at his request.

162. Defendants deny the allegations set forth in paragraph 162.

163. Defendants deny the allegations set forth in paragraph 163.

164. Defendants deny the allegations set forth in paragraph 164 and respectfully refer the Court to the Pension Plan for its true content and meaning.

165. Defendants respectfully refer the Court to the complaint filed by Davis with the NYSDHR, dated July 13, 2006, for its true content and meaning.

166. Defendants deny the allegations set forth in paragraph 166.

167. Defendants deny the allegations set forth in paragraph 167.

168. Defendants deny the allegations set forth in paragraph 168.

169. Defendants deny the allegations set forth in paragraph 169, except aver that Moore commenced employment in 1994 with the LIRR and that Moore has represented to the MTA that he is an African-American male.

170. Defendants deny the allegations set forth in paragraph 170, except aver that Moore was not appointed to the position of Detective after submitting an application in 2005.

171. Defendants deny the allegations set forth in paragraph 171, except admit that Moore was selected to participate in a Field Training Officer Program.

172. Defendants deny the allegations set forth in paragraph 172.

173. Defendants deny the allegations set forth in paragraph 173, except admit that Moore was selected to attend a Plainclothes Tactical Training Course.

20

174.  Defendants deny the allegations set forth in paragraph 174.

175.  Defendants deny the allegations set forth in paragraph 175.

176.  Defendants respectfully refer the Court to the complaint filed by Moore with the NYSDHR, dated July 21, 2006, for its true content and meaning.

177.  Defendants deny the allegations set forth in paragraph 177.

178.  Defendants deny the allegations set forth in paragraph 178.

179.  Defendants deny the allegations set forth in paragraph 179, except aver that Benjamin has represented to the MTA that he is an African-American male, that the MTA hired Benjamin in 2002, and that he is currently employed by the MTA and assigned to the Eastern District of the MTA Police Department.  Defendants respectfully refer the Court to the complaint Benjamin filed with OCR, dated November 21, 2005, and to the charge of discrimination he filed with the United States Equal Employment Opportunity Commission ("EEOC"), dated May 25, 2006, for their true content and meaning.

180.  Defendants deny the allegations set forth in paragraph 180, except respectfully refer the Court to the complaint Benjamin filed with OCR, dated November 21, 2005, and to a letter he sent to McConville, dated November 23, 2005, for their true content and meaning.

181.  Defendants deny the allegations set forth in paragraph 181 and aver that the MTA placed Benjamin on sick leave because he reported that he was too stressed to continue working and relieved him of his weapon in accordance with MTA Police Department policy and practice. Defendants further aver that Benjamin retrieved his weapon only after he was cleared for full duty by the MTA Medical Department.

182.  Defendants deny the allegations set forth in paragraph 182, except admit that Benjamin submitted abstracts seeking appointment to the position of Detective in 2003 and 2004 and that he was not appointed to the position.

183.  Defendants respectfully refer the Court to the charge of discrimination filed by Benjamin with the EEOC, dated May 26, 2006, for its true content and meaning.

184.  Defendants deny the allegations of paragraph 184.

185.  As the allegations of paragraph 185 neither call for an admission or denial, no response is required.

186.  Defendants repeat their answers to the allegations set forth in paragraphs "1" through "185," as if fully set forth herein.

187.  Defendants deny the allegations set forth in paragraph 187.

188.  Defendants deny the allegations set forth in paragraph 188.

189.  Defendants deny the allegations set forth in paragraph 189.

190.  Defendants deny the allegations set forth in paragraph 190 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 190.

191.  Defendants repeat their answers to the allegations set forth in paragraphs "1" through "190," as if fully set forth herein.

192.  Defendants deny the allegations set forth in paragraph 192, and respectfully refer the Court to the Complaints Plaintiffs filed with OCR, the NYSDHR and/or the EEOC for their true content and meaning.

193.  Defendants deny the allegations set forth in paragraph 193.

194.  Defendants deny the allegations set forth in paragraph 194.

195.  Defendants deny the allegations set forth in paragraph 195.

196.  Defendants deny the allegations set forth in paragraph 196.

197.  Defendants deny the allegations set forth in paragraph 197 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 197.

198.  Defendants repeat their answers to the allegations set forth in paragraphs "1"

through "197," as if fully set forth herein.

199.  Defendants deny the allegations set forth in paragraph 199.

200.  Defendants deny the allegations set forth in paragraph 200.

201.  Defendants deny the allegations set forth in paragraph 201.

202.  Defendants deny the allegations set forth in paragraph 202.

203.  Defendants deny the allegations set forth in paragraph 203.

204.  Defendants deny the allegations set forth in paragraph 204.

205.  Defendants deny the allegations set forth in paragraph 205 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 205.

206.  Defendants repeat their answers to the allegations set forth in paragraphs "1" through "205," as if fully set forth herein.

207.  Defendants deny the allegations set forth in paragraph 207, and respectfully refer the Court to the Complaints Plaintiffs filed with OCR, the NYSDHR, and/or the EEOC for their true content and meaning.

208.  Defendants deny the allegations set forth in paragraph 208.

209.  Defendants deny the allegations set forth in paragraph 209.

210.  Defendants deny the allegations set forth in paragraph 210.

211.  Defendants deny the allegations set forth in paragraph 211.

212.  Defendants deny the allegations set forth in paragraph 212.

213.  Defendants deny the allegations of paragraph 213 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 213.

214.  Defendants repeat their answers to the allegations set forth in paragraphs "1" through "213," as if fully set forth herein.

215.  Defendants deny the allegations set forth in paragraph 215.

216. Defendants deny the allegations set forth in paragraph 216.

217. Defendants deny the allegations set forth in paragraph 217.

218. Defendants deny the allegations of paragraph 218 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 218.

219. Defendants repeat their answers to the allegations set forth in paragraphs "1" through "218," as if fully set forth herein.

220. Defendants deny the allegations set forth in paragraph 220.

221. Defendants deny the allegations set forth in paragraph 221.

222. Defendants deny the allegations set forth in paragraph 222.

223. Defendants deny the allegations set forth in paragraph 223.

224. Defendants deny the allegations set forth in paragraph 224.

225. Defendants deny the allegations set forth in paragraph 225 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 225.

226. Defendants repeat their answers to the allegations set forth in paragraphs "1" through "225," as if fully set forth herein.

227. Defendants deny the allegations set forth in paragraph 227, and respectfully refer the Court to the Complaints Plaintiffs filed with OCR, the NYSDHR, and/or the EEOC for their true content and meaning.

228. Defendants deny the allegations set forth in paragraph 228.

229. Defendants deny the allegations set forth in paragraph 229.

230 Defendants deny the allegations set forth in paragraph 230.

231. Defendants deny the allegations set forth in paragraph 231 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 231.

232. Defendants repeat their answers to the allegations set forth in paragraphs "1"

24

through "231," as if fully set forth herein.

233. Defendants deny the allegations set forth in paragraph 233.

234. Defendants deny the allegations set forth in paragraph 234.

235. Defendants deny the allegations set forth in paragraph 235.

236. Defendants deny the allegations set forth in paragraph 236.

237. Defendants deny the allegations set forth in paragraph 237.

238. Defendants deny the allegations of paragraph 238 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 238.

239. Defendants repeat their answers to the allegations set forth in paragraphs "1" through "238," as if fully set forth herein.

240. Defendants deny the allegations of paragraph 240, and respectfully refer the Court to the Complaints Plaintiffs filed with OCR, the NYSDHR, and/or the EEOC for their true content and meaning.

241. Defendants deny the allegations of paragraph 241.

242. Defendants deny the allegations of paragraph 242.

243. Defendants deny the allegations of paragraph 243.

244. Defendants deny the allegations of paragraph 244.

245. Defendants deny the allegations of paragraph 245 and specifically deny that Plaintiffs are entitled to any of the recovery set forth in paragraph 245.

246. Defendants deny that Plaintiffs are entitled to any of the recovery set forth in the "WHEREFORE" clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

247. The Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

248.  Punitive damages are not recoverable against some or all Defendants.

**THIRD AFFIRMATIVE DEFENSE**

249.  Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation.

**FOURTH AFFIRMATIVE DEFENSE**

250.  Plaintiffs' claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, laches, or any combination of these doctrines.

**FIFTH AFFIRMATIVE DEFENSE**

251.  The Amended Complaint is barred, in whole or in part, because, upon information and belief, the applicable administrative procedures and conditions precedent were not properly effectuated or complied with prior to the commencement of this action.

**SIXTH AFFIRMATIVE DEFENSE**

252.  Defendants are exempt from the provisions of the New York City Human Rights Law, N.Y.C.A.C. § 8-107 *et seq.*, pursuant to N.Y. Public Authorities Law § 1266(8) (McKinney's 2000).

**SEVENTH AFFIRMATIVE DEFENSE**

253.  Plaintiffs' hostile work environment claims are barred, in whole or in part, because Defendants exercised reasonable care to prevent and correct promptly any allegedly unlawful behavior, by having in place preventive policies and complaint procedures known and publicized to the Plaintiffs, and some or all Plaintiffs unreasonably failed to take advantage of available preventive or corrective opportunities provided by Defendants, or to otherwise avoid harm.

**EIGHTH AFFIRMATIVE DEFENSE**

254.  Some or all of the Plaintiffs are estopped and barred by their own conduct from

recovering the relief they seek in this action.

## NINTH AFFIRMATIVE DEFENSE

255.  The Complaint is barred as to some or all of the Plaintiffs because of their own comparative or contributory fault.

## TENTH AFFIRMATIVE DEFENSE

256.  Plaintiffs' claims, or the damages they seek to recover, are barred, in whole or in part, as to some or all Plaintiffs by their failure to mitigate their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

257.  Defendants relied at all times upon good faith, nondiscriminatory reasons, policies and procedures other than race, gender or engagement in alleged protected activity in making all decisions relevant to the terms and conditions of Plaintiffs' employment.

## TWELFTH AFFIRMATIVE DEFENSE

258.  Insofar as some or all of the Plaintiffs purport to allege a claim or claims for negligence or for physical or mental and emotional distress, including claims for recovery of any medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law, Art. 2, §§ 10-11.

## THIRTEENTH AFFIRMATIVE DEFENSE

259.  The Individual Defendants are immune from Plaintiff's claims pursuant to 42 U.S.C. § 1983, in whole or in part, because they took no actions towards the Plaintiffs under color of law.

## FOURTEENTH AFFIRMATIVE DEFENSE

260.  The Individual Defendants are immune from Plaintiffs' claims pursuant to 42 U.S.C. § 1983 because the alleged conduct of the Individual Defendants did not violate any clearly established statutory or constitutional right of any Plaintiff of which a reasonable person would have known.

## FIFTEENTH AFFIRMATIVE DEFENSE

261.  The Individual Defendants are immune from Plaintiff's claims pursuant to 42 U.S.C. § 1983 because they reasonably believed that any alleged conduct on their part did not violate the statutory or Constitutional rights of any Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

262.  To the extent that the claims asserted in the Amended Complaint exceed the scope of claims set forth in the Charges Plaintiffs filed with the United States Equal Employment Opportunity Commission, Plaintiffs are barred from pursuing such claims under 42 U.S.C. 2000e *et seq.*, as the required conditions precedent and administrative procedures have not been followed with respect to such claims.

WHEREFORE, Defendants demand that (i) the Amended Complaint, and each of the claims asserted therein, be dismissed; (ii) the Court deny each and every element of damages requested in connection with every claim set forth in the Amended Complaint; (iii) they be awarded their costs, including attorneys' fees, in defending this action; and (iv) they be granted such other relief as this Court deems just and proper.

Date:  August 16, 2007
New York, New York

s/ _____
Craig R. Benson (CB 9531)
Stephen A. Fuchs (SF 5407)
LITTLER MENDELSON
  A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

Attorneys for Defendants
  Metropolitan Transportation Authority, Elliot
  Sander, William Morange, Kevin
  McConville, and Terrence Culhane

Firmwide:82921351.2 052931.1001

28