UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Marilyn Y. Armstrong, Marshall R. Mazyck, Lillian Alvarado, Gordon Urquhart, Blake J. Willett, Bryan Henry, Kenneth Davis, Eric Moore, Nzingha M. Kellman, and Michael Benjamin,

Civil Action No. 07-3561(GEL)

ECF Case

Plaintiffs,

-against-

Metropolitan Transportation Authority, Elliot Sander, Executive Director and Chief Executive Officer of the MTA, William Morange, Deputy Executive Director/Director of Security of the MTA, Kevin McConville, Chief of the MTA Police Department, and Terrance Culhane, Assistant Deputy Chief of the MTA Police Department,

Defendants.

**STIPULATED ORDER FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/07

THIS MATTER having been opened to the Court jointly by Littler Mendelson, P.C. (Craig R. Benson, Esq. and Stephen A. Fuchs, Esq., appearing), attorneys for Defendants Metropolitan Transportation Authority ("MTA"), Elliot Sander, William Morange, Kevin McConville and Terrence Culhane, and Norman Siegel, Esq. and McLaughlin & Stern, LLP (Steven J. Hyman, Esq., Deanna R. Waldron, Esq. and Rachel D. Nicotra, Esq., appearing), attorneys for Plaintiffs Marilyn Y. Armstrong, Marshall R. Mazyck, Lillian Alvarado, Gordon Urquhart, Blake J. Willett, Bryan Henry, Kenneth Davis, Eric Moore, Nzingha M. Kellman, and Michael Benjamin, and for good cause appearing therefore;

IT IS THIS **30th** day of **November**, 2007

ORDERED:

1

1. <u>Purpose</u>. This Stipulated Order for the Protection of Exchange of Confidential Information (the "Stipulated Protective Order" or "Order") is entered into by and between the undersigned parties to the above-captioned action ("the Action") for the purpose of preventing the disclosure of the parties' and non-party witnesses' confidential information to non-parties, the public at large, and in certain cases individual parties in the case while enabling the parties to the Action to obtain the discovery required to prepare the case.

2. <u>Scope</u>. This Stipulated Protective Order shall apply to all information, whether written, oral, contained in documents or transcripts, derived from such materials or in any other form that is subject to or produced during discovery in the Action (collectively, "Discovery Material"), by any party to the Action (individually a "Party," and collectively the "Parties") or by any nonparty ("Nonparty Witness"). All Discovery Material produced in the Action shall be used only for the purpose of prosecuting or defending the Action, including any appeals thereof, and not for any other purpose whatsoever. Any Party receiving Discovery Material shall promptly give notice thereof and make the materials available for review by the other Parties.

3. <u>Confidential Information</u>. "Confidential Information" means any operational, personal, proprietary, technical, commercial or financial information or trade secret contained in Discovery Material, access to which information a Party or Nonparty Witness has a legitimate interest in restricting. Information designated as "For Expert Eyes / Attorney Inspection Only," as defined in this Paragraph and in Paragraph 4 below, means Confidential Information the disclosure of which poses a significant risk of injury to the designating Party when made to any Party or Nonparty Witness, or any officers,

2

directors, or employees thereof, except as provided in Paragraph 7(b) below. Confidential Information not designated as "FOR EXPERT EYES / ATTORNEY INSPECTION ONLY" shall be designated as "CONFIDENTIAL."

4. For Expert Eyes / Attorney Inspection Only Information. The Parties recognize that examinations for promotion, appointment or assignment administered to members of the MTA PD, and documents related to such examinations which are not generally circulated to the MTA PD, are highly confidential documents, the unrestricted disclosure and duplication of which would likely render such documents unusable in the future, at substantial harm and great expense to the MTA. Thus, Information designated "For Expert Eyes / Attorney Inspection Only" specifically includes, but is not limited to, the documents and categories of documents set forth in the following subparagraphs (a) through (f), relating to examinations administered to members of the MTA Police Department ("MTA PD"):

(a) Oral Board Candidate Instructions;

(b) Technical Knowledge Test;

(c) Written Work Sample Test;

(d) Oral Work Sample Exercises;

(e) Oral Work Sample Assessor Training Manual; and

(f) Additional materials relating to examinations administered to MTA PD members as the parties may designate in writing.

5. Designation of Confidentiality.

3

(a) All Discovery Material a Party or Nonparty Witness wishes to designate as Confidential or For Expert Eyes / Attorney Inspection Only as defined above shall be so designated in the following manner:

(i) In the case of written Discovery Material, by marking on each page of the document, (without obscuring the legibility of the document), or upon the disk, tape or other information storage device, the appropriate legend "Confidential," or "For Expert Eyes / Attorney Inspection Only," as the case may be. In the alternative, if the written Discovery Material to be so designated is voluminous (in excess of approximately 200 pages, or such other amount as the Parties may agree), it may be designated by marking the first page of each document (for multiple page documents), and designating the documents so designated by Bates Stamp number in writing delivered to all other Parties.

(ii) In the case of deposition testimony, by stating orally on the record that such testimony is Confidential. All counsel shall mark each such designated page of their respective copies of the transcript (or, if the entire transcript is to be designated as Confidential, the front cover of the transcript) with the legend "CONFIDENTIAL." In the course of a deposition at which persons other than those identified in paragraph 7 are present, counsel shall state on the record prior to using any Confidential Information that the information about to be used is confidential, so as to give the producing party the opportunity to object to the use of such Confidential Information in the presence of a person other than those identified in paragraph 7 or to assert any other rights or objections with respect thereto.

(iii) For Expert Eyes / Attorney Inspection Only Information may not be

4

introduced as Exhibits during any deposition. If any Designated Expert is questioned regarding For Expert Eyes / Attorney Information Only documents, such documents may not be directly quoted, and no questions or answers from such Information may be read into the record. Any Designated Expert deposition testimony referring to the content of For Expert Eyes / Attorney Information Only shall be marked "Confidential" by the parties. All individuals other than counsel for the parties, the court stenographer, and counsel for the parties shall be excluded from that portion of any deposition where Designated Experts are questioned regarding For Expert Eyes / Attorney Inspection Only Information.

(b) A Party may designate as Confidential or For Expert Eyes / Attorney Inspection Only, as the case may be, Discovery Material produced by another Party or by a Nonparty Witness, provided the Discovery Material so qualifies, by notifying every other Party in writing of the appropriate designation.

(c) A Party's initial failure to designate its own or someone else's Discovery Material as Confidential or For Expert Eyes / Attorney Inspection Only shall not preclude that Party's so designating it at a later date in accordance with the terms and conditions of this Order; provided, however, that such document shall be treated as Confidential or For Expert Eyes / Attorney Inspection Only Information pursuant to this Stipulated Protective Order only on and after the date the receiving Party or Parties receive such designation.

6. Non-Confidential Material or Information. The restrictions against disclosure set forth in this Stipulated Protective Order shall not apply to material or information that was:

(a) In possession of the Party receiving the disclosure prior to disclosure in this Action, provided that such information is not subject to any prior restriction as to use or obligations as to confidence, such as personal medical or financial records; or

(b) Independently developed by the Party receiving the disclosure or its counsel without use or reliance upon any Confidential Information of the producing Party; or

(c) Rightfully acquired by the Party receiving the disclosure without restriction as to use or obligation as to confidentiality; or

(d) Previously made available to the public by the Party claiming confidentiality or otherwise; or

(e) Required by law to be made available without reservation with respect to confidentiality.

7. Restrictions on Access to Information Marked Confidential or For Expert Eyes / Attorney Inspection Only

(a) Information designated as "Confidential" may be accessed by:

(i) Parties, and current and former officers, directors and managerial employees of the Parties to the Action, solely for purposes of prosecuting or defending the Action;

(ii) Counsel of record for the Parties to the Action, including attorneys, paralegals, regular and temporary employees, contractors, agents, and support staff of said counsel;

(iii) Experts and their employees retained by such counsel of record for the purpose of prosecuting or defending the Action;

(iv) In-house corporate counsel of the Parties, solely for purposes of assisting counsel of record in prosecuting or defending the Action, and without divulging such information to any other current or former officers, directors or employees of the Parties;

(v) Any person who has prepared or received such document containing Confidential or For Expert Eyes / Attorney Inspection Only information in the ordinary course of his or her employment for a purpose unrelated to this Action;

(vi) The Court, court personnel, stenographer or typist used to record or transcribe testimony, and jurors or alternate jurors; and

(vii) Vendors and other litigation support services used by counsel for the Parties for the purpose of photocopying, imaging, coding, storing, or otherwise handling documents produced in the Action.

(b) Information designated as "For Expert Eyes / Attorney Inspection Only" may only be shown to or accessible by the categories of persons set forth in paragraph (a)(iii) through (a)(v) above, except as otherwise set forth herein. As provided by Paragraph 11 herein, For Expert Eyes / Attorney Inspection Only Information may be inspected by counsel for the receiving parties at the offices of counsel for the producing parties or the offices of a Designated Expert (as defined in paragraph 10, below) receiving such information.

8. Use and Disclosure of Information Marked Confidential. No person receiving Information marked Confidential or For Expert Eyes / Attorney Inspection Only pursuant to this Stipulated Protective Order shall use it for any purpose other than prosecuting or

7

defending the Action, including any appeals thereof. Counsel and experts, and their employees and assistants, and any officers, directors, or employees of the Parties receiving any such Confidential Information, either in original or derivative form, agree not to disclose, make available, or communicate such Confidential Information to any other person in violation of this Stipulated Protective Order.

9. <u>Exclusion of Persons from Depositions</u>. Unless otherwise agreed to by the Parties or ordered by the Court, (i) all persons other than those by whom Confidential Information may be accessed pursuant to paragraph 7(a) can be excluded from depositions during such time as testimony concerning Confidential Information is being given; and (ii) all persons other than those by whom Confidential Information designated "For Expert Eyes / Attorney Inspection Only" may be accessed pursuant to paragraph 7(b) can be excluded from depositions during such time as testimony concerning such Information is being given.

10. <u>Disclosure of Information to Experts</u>:

(a) Prior to the disclosure of information marked Confidential or For Expert Eyes / Attorney Inspection Only to any individual designated by a Party as an expert in this litigation (a "Designated Expert"), the Party intending to make such a disclosure shall notify all other Parties in writing of the identity of, and provide a curriculum vitae or similar information for, such Designated Expert. If, within seven (7) business days of receipt of the notice, no Party objects in writing to the disclosure of information marked Confidential or For Expert Eyes / Attorney Inspection Only to the Designated Expert, such individual shall be deemed an Expert to whom such information may be so disclosed pursuant to the terms of this Stipulated Protective Order. If, however, a Party

objects to the disclosure to the Designated Expert of Discovery Material such Party has designated as Confidential or For Expert Eyes / Attorney Inspection Only, no Party shall make any disclosure until the objecting Party has withdrawn its objection or the Court orders that the information may be so disclosed. The objection shall be deemed waived unless the objecting Party moves in writing for judicial intervention within five (5) business days of notifying the other Party of its objection to disclosure.

(b) Disclosure of information marked For Expert Eyes / Attorney Inspection Only will be made under separate cover in a sealed envelope delivered directly to the Parties' Expert on which envelope shall be endorsed the name of the Expert, the caption of the Action, and a statement substantially in the following form:

FOR EXPERT EYES / ATTORNEY INSPECTION ONLY

This envelope contains documents that are subject to a Confidentiality Order and are to be disclosed only to [insert name of Expert], an Expert of [insert name of the receiving Party], and his/her staff. The enclosed documents may be inspected, but not copied, by the attorneys for the Parties at the offices of the Expert receiving these materials or the offices of counsel for the Party producing the documents.

Any such envelope containing For Expert Eyes / Attorney Inspection Only Information shall also be accompanied by a cover letter listing the For Expert Eyes / Attorney Inspection Only Information produced therein. Counsel for the Party whose Expert is receiving the For Expert Eyes / Attorney Inspection Only Information shall be copied on the accompanying cover letter, but shall not be provided with copies of the For Expert Eyes / Attorney Inspection Only Information.

The Expert receiving For Expert Eyes / Attorney Inspection Only Information shall execute a Declaration in the form annexed hereto as Exhibit A, and agrees not to

9

allow the release of this Information to anyone else, including Counsel for the receiving Party or the clients of same, except under the terms permitted by this Order.

11. <u>Disclosure of For Expert Eyes / Attorney Inspection Only to Counsel for the Parties</u>:

Information designated as "For Expert Eyes / Attorney Inspection Only" Documents shall be available for inspection by counsel for the Party whose expert is receiving such information at the offices of counsel for the producing party or at the offices of the Designated Expert receiving such information.    No copies of such information may be made, retained by, or provided to counsel for the receiving party, and paralegals, contractors and other support staff of such counsel may not inspect such information.

12. <u>Disclosure to Additional Persons</u>.  The Parties may request permission to disclose Information marked Confidential or For Expert Eyes / Attorney Inspection Only to persons other than those defined in Paragraph 7 herein.  Counsel shall present such requests in writing to all other Parties and, at that time, shall identify (a) such Information to be disclosed; (b) each person to whom counsel seeks to make disclosure; and (c) the terms under which such disclosure would be made.  If no agreement on disclosure is reached within three (5) business days of the request, counsel may, upon notice to all Parties, apply to the Court for a determination of whether such Information may be disclosed as specified in the request.  Until such a determination is made, no such Information may be disclosed to any person described in the request.  An agreement that such Information designated Confidential or For Expert Eyes / Attorney Inspection Only may be disclosed pursuant to this Paragraph shall not constitute a waiver of any of the provisions of this Stipulated Protective Order.

13. Disclosure of Expert Reports Relating to For Expert Eyes / Attorney Inspection Only Information.

Any report prepared by an Expert who received For Expert Eyes / Attorney Inspection Only Information shall be designated a "Confidential Expert Report." A Confidential Expert Report shall not (a) recite any specific examination questions, answers, scenarios or factual information contained within the For Expert Eyes / Attorney Inspection Only Information; (b) be disclosed to anyone other than those described in Paragraph 7(a)(ii-vii) and Paragraph 7(b) above; or (c) be filed with the Court other than as provided in Paragraph 14(c), below.

14. Filing with the Court.

(a) Filing of Confidential Documents.  In any submission to the Court, every document, memorandum, brief, motion, deposition transcript, or other item attaching or quoting  Information marked Confidential shall be filed with the Clerk under seal, and such material shall plainly state on the first page of any bound or stapled document "CONFIDENTIAL -- FILED UNDER SEAL" and shall be filed only in sealed envelopes on which shall be endorsed the caption of the Action, and a statement substantially in the following form:

## CONFIDENTIAL

This envelope contains documents that are subject to a Confidentiality Order.  This envelope shall neither be opened nor the contents revealed except at the direction of the Court.

The Clerk shall maintain such documents under seal and such documents, so filed, shall only be available for inspection by the Court and by counsel of record to the Parties. Portions of submissions attaching or quoting Confidential Information may be separated from the remainder of such submissions and filed under seal separately from the

11

remainder of such submissions which do not attach or quote Confidential Information.

(b) Filing of For Expert Eyes / Attorney Inspection Only Documents. Documents designated as For Expert Eyes / Attorney Inspection Only may not be filed with the Court by the receiving Party except with the written permission of the producing Party or by Order of the Court. Requests to file For Expert Eyes / Attorney Inspection Only Documents shall identify the specific documents sought to be filed. Such documents shall be filed with the Court in an envelope bearing the same legend as for Confidential documents, as set forth in subparagraph (a) above. If the parties cannot resolve within three (5) business days any dispute as to whether or not documents designated For Expert Eyes / Attorney Inspection Only may be filed with the Court under seal, counsel may, upon notice to all Parties, apply to the Court for a determination of whether such documents may be filed under seal. Until such a determination has been made, no For Expert Eyes / Attorney Inspection Only information may be filed with the Court.

(c) Filing of Confidential Expert Reports. Confidential Expert Reports may be filed as Confidential Documents under seal in the manner described in subparagraph (a), above. However, such Reports may not include copies or portions of For Expert Eyes / Attorney Inspection Only Documents unless permission for such filing has been granted as set forth in subparagraph (b) above.

15. Copying of Confidential Information.

(a) Counsel for each Party, and any person, witness, expert, or entity who obtains access to information designated as Confidential under this Stipulated Protective Order shall not make copies, duplicates, extracts, summaries or descriptions of such Information

12

or any portion thereof, except as may be necessary in connection with preparation for and trial of this case or any other proceeding between Parties and any appeals therefrom. Any such copies, duplicates, extracts, summaries or descriptions shall be treated as Confidential subject to all the terms and conditions of this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall foreclose any Party designating information as Confidential or For Expert Eyes / Attorney Inspection Only from itself disclosing the same to others, and no such disclosure shall constitute a waiver or relinquishment of any of the terms and conditions of this Order. Information designated as Confidential may be received by outside vendors such as copy services, translators, and stenographic reporters retained to copy, translate, record or transcribe testimony or documents in this Action, provided that such vendors agree in writing to abide by the terms of conditions of this Order.

(b) For Expert Eyes / Attorney Inspection Only Documents may not be copied by the receiving Party except with the written permission of the producing Party or by Order of the Court. For Expert Eyes / Attorney Inspection Only Documents to be filed with the Court under seal in compliance with Paragraph 14, above, may be copies of the original documents served upon the Designated Expert.

16. Notification of Existence of Order. Prior to furnishing any Information marked Confidential or For Expert Eyes / Attorney Inspection Only to any additional person afforded such access pursuant to Paragraphs 10 or 12 hereof, counsel shall provide a copy of this Stipulated Protective Order to such person and each such person shall execute the form declaration attached hereto as Exhibit B ("Declaration") for Confidential Information, or in the form declaration attached hereto as Exhibit A prior to receiving For

13

Expert Eyes / Attorney Inspection Only Information. Further, any such additional person who receives such Information is hereby enjoined from disclosing it to any person except in conformance with the terms and conditions of this Stipulated Protective Order. Counsel shall maintain, for the duration of the Action and until the provisions of Paragraph 20 hereof have been complied with, the original signed Declarations obtained in connection with the disclosure of Information marked Confidential or For Expert Eyes / Attorney Inspection Only.

17. <u>Objections to Designations</u>. Any Party desiring to challenge a designation of Confidential or For Expert Eyes / Attorney Inspection Only shall confer in good faith with the designating Party's counsel and identify the specific documents or other information to which the challenging Party intends to object and provide the basis for each objection. If the Parties are able to reach agreement as to the designation of information as Confidential or For Expert Eyes / Attorney Inspection Only, they shall notify all the other Parties. If the Parties are unable to reach agreement as to the designation of Information as Confidential or For Expert Eyes / Attorney Inspection Only, counsel for the challenging Party may, no less than seven (7) business days after providing written notice of the challenge, submit a motion or other written request for relief to the Court with notice to all Parties seeking a determination as to whether such designation is appropriate. The confidentiality status of the Discovery Material shall continue until such time as the Court rules on the motion or the objection is withdrawn. Upon a determination by the Court that particular Discovery Material should not have been designated as Confidential or For Expert Eyes / Attorney Inspection Only, the designating Party shall within five (5) business days of the determination provide either

substituted Discovery Material without the designation, or provide all Parties with a writing confirming that the designation of confidentiality on that particular Discovery Material is withdrawn. The Parties shall not be obligated to challenge the propriety of any designation of Confidential Information at the time made, and failure to do so shall not preclude a subsequent challenge to such determination.

18. <u>Notice of Production Requests</u>. In the event that information designated Confidential or For Expert Eyes / Attorney Inspection Only is subpoenaed or otherwise demanded in another judicial or administrative proceeding, the Party receiving such subpoena or demand shall immediately notify all other Parties to permit them a reasonable opportunity to oppose production of such information. If any Party files timely and appropriate objection to the subpoena or demand before a court or administrative agency of competent jurisdiction, the Party receiving such subpoena or demand shall not produce any Confidential Information unless and until it receives written permission from the designating Party or is ordered to produce such information by the Court or administrative agency.

19. <u>Effect of Designation</u>. The designation of any Discovery Material as Confidential or For Expert Eyes / Attorney Inspection Only is intended solely to expedite the disposition of the Action by facilitating the discovery process. Neither the designation nor the failure to object thereto shall be construed in any way as an admission or agreement by any Party that any designation of Confidential Information affords the designating Party any protection or rights other than those provided in this Stipulated Protective Order.

20. Return of Material. Upon termination of the Action by an order which has become final due either to the expiration of time for appeal or rehearing, or to the denial thereof, or following resolution of the Action by agreement (either without entry of a final order or following entry of such an order), all materials produced by a Party containing information marked Confidential or For Expert Eyes / Attorney Inspection Only and all copies thereof shall upon the producing Party's request and within a reasonable time (not to exceed 60 calendar days) be returned to counsel for the producing Party or destroyed at the producing Party's option; provided, however, that Confidential Information contained in the notes or work product created by counsel of record to a Party need not be returned or destroyed, but such information shall be kept confidential in accordance with the terms and conditions of this Stipulated Protective Order. Counsel may retain copies of all documents filed with the Court irrespective of any other requirement of this Paragraph. This Paragraph applies without limitation to any part of any photocopy, microfiche, microfilm, microfilm print, computer tape or printout, tape recording, compilation, synopsis, summary, quotation, digest, or similar materials.

21. Duration. The terms and conditions of this Stipulated Protective Order shall survive termination of the Action and remain in full force and effect until modified or vacated by further order of this Court.

22. Modification. The terms and conditions of this Stipulated Protective Order may be modified by agreement of all Parties hereto in writing if approved by the Court. Additionally, any Party may apply to the Court, on reasonable notice to all other Parties to the Action, for relief from or modification of any terms and conditions of this Stipulated Protective Order. This Stipulated Protective Order shall not be construed as a

waiver or relinquishment of any Party's right to introduce at trial documents designated as Confidential or For Expert Eyes / Attorney Inspection Only. The use and manner of handling any Confidential Information at trial will be resolved among the Parties in advance of the trial, with the assistance of the Court, if necessary.

23. Application to Non-Parties. Information produced in the Action by Nonparty Witnesses pursuant to subpoena or voluntarily may be designated by such Nonparty Witnesses as Confidential or For Expert Eyes / Attorney Inspection Only in accordance with this Stipulated Protective Order, in which event it shall be treated by the Parties pursuant to the terms and conditions hereof.

Date:  10 / 30 , 2007
New York, New York

Steven J. Hyman (SH 2097)
Deanna R. Waldron (DW 2611)
Rachel D. Nicotra (RN 6770)
MCLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY 10016
(212) 448-1100

Norman Siegel (NS 6850)
260 Madison Avenue – 18th Floor
New York, NY 10016
(212) 532-7586

Attorneys for Plaintiffs
  Marilyn Y. Armstrong, Marshall R. Mazyck,
  Lillian Alvarado, Gordon Urquhart, Blake J.
  Willett, Bryan Henry, Kenneth Davis, Eric
  Moore, Nzingha M. Kellman, and Michael
  Benjamin

Craig R. Benson (CB 9531)
Stephen A. Fuchs (SF 5407)
LITTLER MENDELSON
  A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY 10022.4834
212.583.9600

Attorneys for Defendants
  Metropolitan Transportation Authority, Elliot
  Sandner, William Morange, Kevin
  McConville, and Terrence Culhane

SO ORDERED:

17

_____

Hon. Gerard E. Lynch, U.S.D.J.

Date: _____Nov. 30,_____, 2007

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Marilyn Y. Armstrong, Marshall R. Mazyck, Lillian
Alvarado, Gordon Urquhart, Blake J. Willett, Bryan
Henry, Kenneth Davis, Eric Moore, Nzingha M.
Kellman, and Michael Benjamin,

Civil Action No. 07-3561(GEL)

ECF Case

Plaintiffs,

-against-

Metropolitan Transportation Authority, Elliot
Sander, Executive Director and Chief Executive
Officer of the MTA, William Morange, Deputy
Executive Director/Director of Security of the MTA,
Kevin McConville, Chief of the MTA Police
Department, and Terrance Culhane, Assistant Deputy
Chief of the MTA Police Department,

Defendants.

**DECLARATION OF LIMITED
SPECIAL APPEARANCE AND
AGREEMENT FOR ACCESS TO FOR
EXPERT EYES / ATTORNEY
INSPECTION ONLY DOCUMENTS
AND INFORMATION**

I, _____, being duly sworn, declare and say that:

I live at _____. [I am self-employed] [I am employed] as

_____                [position]                              [by

_____ (name and address of

employer)]. [I][My Company] [has] [have] been retained as an Expert in this action by [name of

retaining parties] for the purpose of _____[state purpose of

retention.]

I hereby acknowledge and affirm that I have read and understand the terms and

conditions of the Stipulated Protective Order entered by the Court in the above-captioned

matter on the ____ day of _____, 2007, and deemed incorporated herein.

I understand and agree to be bound by these terms and conditions as the means to being provided access to the For Expert Eyes / Attorney Inspection Only information or documents furnished by _____.

I understand the high standards of trustworthiness and integrity required of me with regard to the confidential testing and examination materials which may be disclosed to me in connection with this Action, while I am retained on behalf of _____.

Except as necessary, to the performance of my duties under this assignment, I will not:

(1) Disclose, discuss or publicize any matters dealt with under this assignment; or

(2) Disseminate any oral or written information obtained as a result of this assignment to anyone other than the staff of my employer working on the assignment, except as provided in the Stipulated Protective Order, including the attorneys representing the interested party and the clients of same; except that the attorneys representing the interested party may personally inspect such information at my offices, but will not be permitted to copy or be provided with copies of such information; or

(3) Remove or copy any For Expert Eyes / Attorney Inspection Only document provided to me from my employer's place of business, except as provided in advance by [name of producing party]; or

(4) File with the Court any Report prepared pursuant to this assignment or any information and/or documents received pursuant to this assignment except under seal and in the manner and bearing the legend set forth in paragraph 14 of the Stipulated Protective Order.

By executing this Agreement, I hereby consent to the personal jurisdiction of

20

the above-captioned Court for the special and limited purpose of enforcing the terms and conditions of this Order. I recognize that any violation of this Order may be punishable as a contempt of court.

I hereby declare under the penalty of perjury under the laws of the United States of America that my agreement to the terms and conditions of this Stipulated Protective Order is knowingly and freely given, and that all of my statements herein are true and correct.

_____
(signature)

_____
(name)

_____
(title)

_____
(affiliation)

_____
(address)

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marilyn Y. Armstrong, Marshall R. Mazyck, Lillian Alvarado, Gordon Urquhart, Blake J. Willett, Bryan Henry, Kenneth Davis, Eric Moore, Nzingha M. Kellman, and Michael Benjamin, | Civil Action No. 07-3561(GEL) |
| | ECF Case |
| Plaintiffs, | |
| -against- | **DECLARATION OF LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS AND INFORMATION** |
| Metropolitan Transportation Authority, Elliot Sander, Executive Director and Chief Executive Officer of the MTA, William Morange, Deputy Executive Director/Director of Security of the MTA, Kevin McConville, Chief of the MTA Police Department, and Terrance Culhane, Assistant Deputy Chief of the MTA Police Department, | |
| Defendants. | |

I, _____, being duly sworn, declare and say that:

I live at _____, I am employed as _____ [position] by _____ [name and address of employer].

I hereby acknowledge and affirm that I have read and understand the terms and conditions of the Stipulated Protective Order entered by the Court in the above-captioned matter on the ____ day of _____, 2007, and deemed incorporated herein.

I understand and agree to be bound by these terms and conditions as the means to being provided access to the Confidential Information furnished by _____.

22

I further agree that I will not disclose or discuss such Confidential Information except as provided in this Stipulated Protective Order.

By executing this Agreement, I hereby consent to the personal jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms and conditions of this Order.

I recognize that any violation of this Order may be punishable as a contempt of court.

I hereby declare under the penalty of perjury under the laws of the United States of America that my agreement to the terms and conditions of this Stipulated Protective Order is knowingly and freely given, and that all of my statements herein are true and correct.

_____
(signature)

_____
(name)

_____
(title)

_____
(affiliation)

_____
(address)