USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-15-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
MARILYN Y. ARMSTRONG, et al.,          :

                Plaintiffs,           :
    -against-                         :
                                                   07 Civ. 3561 (GEL)(HBP)
METROPOLITAN TRANSPORTATION           :
AUTHORITY, et al.,                       ORDER
                                            :
                Defendants.          :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        A conference having been held in this matter on May 14, 2008 during which various scheduling issues and discovery disputes were discussed, for the reasons stated on the record in open court, it is hereby ORDERED that:

        1.  The deadline for the completion of fact discovery is extended 90 days until August 12, 2008. All other dates set in Judge Lynch's most recent scheduling Order are also extended by 90 days except for any conferences that are scheduled to take place before Judge Lynch. Counsel are directed to contact Judge Lynch's staff to determine whether Judge Lynch wishes to adjourn these conferences.

        2.  With respect to plaintiffs' request for the personnel files of putative comparators, defendants are directed to either:

  a. no later than June 4, 2008, defendants are to produce the disciplinary files, any other documents in the personnel files of the putative comparators reflecting any type of misconduct, the training files, applications for training, applications for transfers, applications for promotion, commendations and documents sufficient to show the education and employment history of each putative comparator, <u>or</u>

  b. no later than May 27, 2008, defendants are to make a factual showing by affidavit or otherwise why any putative comparator for whom documents are sought was situated so differently from each of the plaintiffs at all relevant times that the putative comparator could not be a comparator as a matter of law. If defendants elect this option with respect to any putative comparator, plaintiffs shall submit their response no later than June 11, 2008.

Defendants' election between option "a" or "b" need not be uniform as to all of the putative comparators for whom documents are sought, <u>i.e.</u>, defendants may elect option "a" as to some putative comparators and may elect option "b" as to others.

2

2. With respect to plaintiffs' request for the personnel files of the decision makers/supervisors, defendant represented during the conference that they are already producing documents reflecting allegations of discrimination or the use of excessive force. No later than May 27, 2008, plaintiffs' counsel is to provide defendants' counsel with a list of the infractions or violations with which each plaintiff was charged and for which the plaintiff believes disproportionate discipline was imposed. Plaintiff shall also provide the dates of such infractions or violations. No later than June 11, 2008, defendants are directed to produce any documents in the personnel files of the decision makers/supervisors reflecting that the decision makers/supervisors engaged in or were charged with the same infractions or violations and the disposition of any charges. In the alternative, defendants may make an application by June 11, 2008, supported by affidavits or other evidence, to withhold any documents on the ground that the age or other circumstances concerning the infraction or violation render it irrelevant even under the liberal standards applicable to discovery requests. Plaintiffs shall submit their opposition to any such application by June

25, 2008.

3. Plaintiffs' application to compel production of additional command rosters is denied. However, plaintiffs are granted leave to serve interrogatories seeking the identification, rank, assignment and other similar information of relevant individuals employed by the Metropolitan Transportation Authority Police Department or predecessor departments. Such interrogatories shall be exempt from the limitations of Local Civil Rule 33.3 and shall not count against the limit of 25 interrogatories.

4. Defendants' application to withhold the documents concerning the involvement of certain of the putative comparators in an assault on a homeless individual in Penn Station is denied.

5. The dispute concerning documents regarding allegations of the use of a racial epithet by Sergeant Quinn is moot in light of defendants' counsel's

representation that no documents alleging misconduct by Quinn exist.

Dated: New York, New York
       May 15, 2008

SO ORDERED

/s/ Henry Pitman
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Deanna R. Waldron, Esq.
Rachel D. Nicotra, Esq.
McLaughlin and Stern, LLP
260 Madison Ave
New York, New York  10016

Norman H. Siegel, Esq.
18th Floor
260 Madison Avenue
New York, New York  10016

Craig R. Benson, Esq.
Stephen A. Fuchs, Esq.
Littler Mendelson, P.C.
16th Floor
885 Third Avenue
New York, New York  10022