LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
    Metropolitan Transportation Authority, Elliot Sander, William
    Morange, Kevin McConville, and Terrence Culhane
885 Third Avenue, 16th Floor
New York, NY 10022.4834
212.583.9600
Craig R. Benson
Stephen A. Fuchs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marilyn Y. Armstrong, Marshall R. Mazyck, Lillian Alvarado, Gordon Urquhart, Blake J. Willett, Bryan Henry, Kenneth Davis, Eric Moore, Nzingha M. Kellman, and Michael Benjamin, <br><br> Plaintiffs, <br><br> -against- <br><br> Metropolitan Transportation Authority, Elliot Sander, Executive Director and Chief Executive Officer of the MTA, William Morange, Deputy Executive Director/Director of Security of the MTA, Kevin McConville, Chief of the MTA Police Department, and Terrance Culhane, Assistant Deputy Chief of the MTA Police Department, <br><br> Defendants. | Civil Action No. 07-3561(GEL) (HBP) <br><br> ECF Case |

## DECLARATION IN OPPOSITION TO PRODUCTION OF PERSONNEL FILES OF SUPERVISORS

        STEPHEN A. FUCHS, an attorney duly admitted to the bar of the Court, under penalty of perjury, hereby declares pursuant to 28 U.S.C. § 1746:

        1.    I am a Shareholder with the law firm of Littler Mendelson, P.C., attorneys for Defendants in the above-captioned matter. I have knowledge of the matters described

1

herein derived from my review of personnel and other files requested in discovery in this case, and from the course of my representation of the Defendants in this matter.

2. Pursuant to Paragraph 2 appearing on page 3 of the May 15, 2008 Order of Magistrate Judge Henry B. Pitman in this matter ("the Order"), Defendants submit this Declaration with exhibits annexed hereto, as well as the accompanying Memorandum of Law filed herewith, in opposition to Plaintiffs' request for discovery of the personnel files of individuals identified by Plaintiffs as "decision makers/supervisors" ("the supervisors") who Plaintiffs allege engaged in discriminatory conduct.

3. Annexed hereto as Exhibit A is a true and correct copy of the Court's May 15, 2008 Order in this matter.

4. Annexed hereto as Exhibit B is a true and correct copy of correspondence received from Plaintiffs' counsel dated May 27, 2008, setting forth the alleged basis for Plaintiffs' request for discovery of the supervisors' personnel files.

5. Annexed hereto as Exhibit C is a true and correct copy of the Court's December 17, 2007 Stipulated Order for the Protection and Exchange of Documents Covered by New York Civil Rights Law § 50-a.

6. Defendants do not concede that the penalties Plaintiffs allege were assessed against them in their May 27, 2008 letter are necessarily correct. For example, they allege that a five day suspension was imposed upon Michael Benjamin for insubordination. However, Defendants' records indicate that, pursuant to an arbitration decision dated April 27, 2007, the penalty imposed upon Benjamin was 12 hours reduced

to six hours. *See* a true and correct copy of the April 27, 2007 arbitration decision annexed hereto as Exhibit D.

7. One supervisor identified by Plaintiffs was involved in motor vehicle accidents occurring in 1982, while that supervisor was employed as a uniformed Police Officer by Metro-North's predecessor railroad, Conrail.

8. Another supervisor identified by Plaintiffs was involved in a motor vehicle accident in 2006. That individual was an Inspector at the time of the incident.

9. A third supervisor identified by Plaintiffs was suspended five days in connection with a motor vehicle accident occurring in 1997. He was a Detective Sergeant at the time of the incident.

10. The undersigned's review of the personnel files of the supervisors at issue does not reveal any additional incidents in which they were involved in motor vehicle accidents, either before or since the commencement of the limitations period.

11. The undersigned's review of the personnel records of the supervisors identified by Plaintiffs reveals that one such supervisor was disciplined in August 1989, while employed by the Metro-North Railroad Police Department, for discussing an investigation with a civilian Metro-North Railroad employee.

12. Annexed hereto as Exhibit E are true and correct copies of MTA PD Personnel Order # 04-135, addressed to all Lieutenants, dated June 16, 2004, and soliciting applications for the position of "Captain-District Commander;" Personnel Order # 04-136, addressed to all Captains and Lieutenants, dated June 16, 2004 and soliciting applications for the position of Deputy Inspector; and Personnel Order # 04-

137, addressed to all Captains and Lieutenants, dated June 16, 2004 and soliciting applications for the position of Inspector. Plaintiff Bryan Henry did not submit an application (known as an "abstract") in response to any of these Personnel Orders. An Order soliciting applications is known as a "Request for Consideration."

13. Thomas Dunn and Robert Terrett submitted abstracts in response to the Requests for Consideration annexed hereto as Exhibit E, and were thereafter chosen for promotion to Inspector and Deputy Inspector, respectively. Annexed hereto as Exhibit F is a Personnel Order # 04-184, indicating promotions effective July 24, 2004.

14. Plaintiff Henry applied for promotion to Captain for the first time since stepping down to Lieutenant in 2007 in response to a separate Request for Consideration.

15. Annexed hereto as Exhibit G is Departmental Interim Order #03 – 52, dated September 10, 2003, soliciting abstracts for Sergeants wishing to be considered for the position of Detective Sergeant. Sergeant Karen Taylor submitted an abstract for this position, while Plaintiff Nzingha Kellman did not. Taylor was selected for the Detective Sergeant position after submitting an abstract in response to this Request, as reflected in Personnel Order #03 – 175, effective November 12, 2003, annexed hereto as Exhibit H.

16. The undersigned's review of Peter Cummo's file and further investigation reveals that Peter Cummo became a Detective Sergeant in August 1999.

17. Annexed hereto as Exhibit I is Personnel Order #05-317, dated October 18, 2005, soliciting Sergeants wishing to be considered for the position of Detective Sergeant to submit abstracts.

18. The undersigned's review of files and investigation reveals that interviews for the Detective Sergeant position in 2003 were conducted by Lieutenant Stephen Conner and Detective Sergeants John Rizitelli and Kim Riley. In 2004 interviews for the Detective Sergeant position were conducted by Conner, Detective Sergeant John Fitzpatrick, and Detective Sergeant Brian Sullivan. In 2005 interviews for the Detective Sergeant position were conducted by Conner and Jesse Crawford, the MTA Assistant Director of Employment and Compensation.

19. Plaintiffs commenced this action by filing a Summons and Complaint in this action on May 4, 2007.

20. Annexed hereto as Exhibit J is Personnel Order #03-197, effective December 17, 2003, indicating the appointment of James Flanagan to the position of Detective Sergeant.

21. The undersigned's review of James Flanagan's personnel files reveals that neither his overtime earnings nor the nature of cases he was assigned are contained therein. Moreover, Defendants in this action have already produced documents reflecting the overtime earnings of MTA PD members from 2003 to 2007 during discovery in this matter.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: July 8, 2008

STEPHEN A. FUCHS