# EXHIBIT B

## McLAUGHLIN & STERN, LLP
FOUNDED 1898

DEANNA R. WALDRON
PHONE (212) 448-1100, EXT 349
FAX (212) 448-0066
email: DWALDRON@mclaughlinstern.com

260 MADISON AVENUE
NEW YORK, NEW YORK 10016
(212) 448-1100
FAX (212) 448-0066

MILLBROOK OFFICE
Franklin Avenue
P.O. Box 1369
Millbrook, New York 12545
(845) 677-5700
Fax (845) 677-0097

May 27, 2008

**VIA FIRST CLASS MAIL AND FACSIMILE-(347) 287-6843**
Stephen Fuchs, Esq.
Littler Mendelson, P.C.
885 Third Avenue, 16th Floor
New York, New York 10022

             Re: Armstrong et al. v. Metropolitan
                 Transportation Authority
                 Civil Action No. 07cv3561

Dear Stephen,

   Per Magistrate Pitman's Order dated May 15, 2008, plaintiffs now submit the following in support of their request for documents contained in the personnel files of the following supervisors: Kevin McConville, Terrance Culhane, John Fitzpatrick, James Flannagan, Kathleen Finneran, Timothy Harmon, Thomas Dunn, Robert Terret, Kim Riley, Peter Cummo and Karen Taylor. Plaintiffs contend that they are entitled to documents within the personnel files of the above supervisors because they are comparators with regard to matters involving career advancement and discipline.

**Career Advancement:**

   The supervisors whose files we have requested serve as comparators with regard to career advancement. The plaintiffs in this action were hired between the years of 1980 and 2002. In many cases the plaintiffs were denied positions that the named supervisors were granted. Specifically, Robert Terrett, Thomas Dunn, and Plaintiff Bryan Henry all held the position of Captain prior to 2003. In 2003, Dunn and Plaintiff Henry agreed to a reduction in rank from Captain to Lieutenant for collective bargaining reasons. In 2004, Dunn was promoted from Lieutenant to Deputy Inspector. Henry was not offered a similar promotion. Terrett was similarly promoted from Lieutenant to Inspector where Plaintiff Henry was denied. In 2007, Henry applied again for Captain and was denied the position. The same year John Fitzpatrick was promoted to Captain. Thus Terrett, Dunn, and Fitzpatrick are all direct comparators for Plaintiff Henry and we reiterate our request that these personnel files be produced.

1

Next, Plaintiff Nzingha Kellman has applied several times for the position of Detective and Detective Sergeant. One proffered reason for her denial from the position of Detective Sergeant was that she had not previously been a detective. Upon information and belief, Det/Sgts Taylor, Cummo, and Fitzpatrick, were appointed to the position of Detective Sergeant in and around the years of 2002-2003 without previous detective experience. Thus Cummo, Taylor and Fitzpatrick are director comparators for Plaintiff Kellman and we reiterate our request that these personnel files be produced.

James Flannagan is also a direct comparator for plaintiffs in this action. Flannagan worked in a specialized unit with plaintiffs Urquhart and Davis and earned substantially more in overtime. Flannagan's high overtime earnings were in due in part to his case assignments. Plaintiffs Davis and Urquhart were often denied high profile cases, which required greater overtime, in favor of Flannagan who was less senior and less qualified. Plaintiffs therefore reiterate their request for Flannagan's personnel file.

Finally, upon information and belief, Kathleen Finneran and Terrance Culhane are comparators with regard to commendations. Finneran and Culhane received the same type of commendations which were denied to the plaintiffs for lesser or equal achievements. Plaintiffs reiterate their requests for these files.

### Discipline:

Plaintiffs have been subjected to discipline for minor infractions and violations whereas some of the supervisors above have not been disciplined, or have only received minor penalties, for more egregious acts. Below is a list of infractions and violations and the disproportionate discipline assessed against the plaintiffs as recorded in their personnel files.

Marilyn Armstrong:
- 10/25/93: Failure to safeguard equipment– Penalty unknown.
- 4/20/94: Failed to remove property from prisoner – Penalty unknown.
- 12/18/02: Reporting late, failure to sign out, using personal vehicle while on duty – Penalty unknown.
- 8/19/03: Leaving sick location – 2 day suspension
- 7/14/05: Lost shield and identification card – Penalty unknown.

Marshall Mazyck:
- 10/09/84: Patrol Guide violation – 1 day suspension
- 4/19/85: Patrol Guide violation – 1 day suspension to be held in abeyance later withdrawn.
- 11/14/88: Off-post – 1 day suspension.
- 10/27/07: Lateness – Letter of Instruction

Lillian Alvarado:
- 10/26/84: Violation of the Patrol Guide – 1 day suspension reduced to written reprimand.

2

- 6/23/87: Violation of Patrol Guide and failure to comply with directive – 2 day suspension later withdrawn without prejudice.
- 7/16/87: Failure to make proper memo book entries – Written reprimand.
- 3/18/88: Failure to notify supervisor when leaving post and improper log entries – Written reprimand.
- 1/17/90: Leaving felon in back seat of unlocked car, failure to wear hat, not maintaining memo book – 1 day suspension.
- 12/19/00: Failure to carry weapon – Letter of instruction.
- 08/01/06: Failure to obey order – Letter of instruction.

Gordon Urquhart:
- 1/07/86: Patrol guide violation regarding summonsing – 1 day suspension.
- 11/20/86: Patrol guide violation regarding motor vehicle accident – 1 day suspension held in abeyance.
- 4/13/88: Failure to safeguard evidence – 1 day suspension held in abeyance.
- 1/08/97: Failure to prevent car accident – 1 day suspension.
- 06/05/04: Failure to prevent car accident – Letter of Instruction to file.

Blake Willett:
- 05/03/83: Verbal dispute with ticket agent—2 day suspension
- 05/24/84: Failed to submit medical proof of illness and failed to advise of return to home while out sick – 1 day suspension.
- 11/27/85: Failed to appear at court – Written reprimand.
- 12/10/85: Missed court appearance – five day suspension. Willett challenged charge and penalty dropped to 1 day suspension.
- 12/10/85: Reporting late, failure to notify headquarters of lateness, failure to state truth – 1 day suspension.
- 06/01/87: Failure to monitor temperature gauge in RMP – Written reprimand.
- 08/06/87: Conversation with civilian while on duty – Penalty unknown.
- 1/13/88: Failed to make proper memo book entries and inaccurate report – 1 day suspension.
- 8/17/88: Fighting on duty – 30 day suspension without pay.
- 5/24/90: Insubordinate behavior, refusing an order, threatening a superior officer and refusing second order to go home – Penalty unknown.
- 11/20/92: Loss of off-duty weapon, shield, ID and pass – Penalty unknown.
- 11/14/93: Loss of police shield – Ten days later reduced to five days.

Bryan Henry:
- 1/03/03: Loss of shield – 2 vacation days.
- 2/08/06: Sending email containing sensitive information to civilian – 40 hours reduced to training.

3

Kenneth Davis:
- 11/14/88: Off-post – 1 day suspension.

Nzingha Kellman:
- 5/23/06: Failure to ensure officers in charge follow guidelines – Letter of Instruction to file.
- 1/23/03: Failure to promptly carry out order, Failure to notify supervisor when leaving post, Failure to make proper memo book entry – 1 day suspension held in abeyance.
- 10/12/06: Failure to submit reports – Penalty unknown.

Michael Benjamin:
- September 2004: Lost memo book – Letter of Instruction
- November 2005: Insubordination – Five days (Incident involved supervisors use racial epithet against plaintiff. Supervisor was not disciplined).
- December 2005: Improper uniform – Memo to file

Several of the supervisors listed above have been involved in acts more egregious than those committed by the plaintiffs. It appears that the majority of the violations were committed prior to their promotion to supervisory positions. Upon information and belief these individuals were not disciplined or received lenient disciplines and were permitted to advance through the ranks in spite of discipline. For example,

John Fitzpatrick:
- Upon information and belief, in or around 2005, John Fitzpatrick while off-duty forced a minor into the back of his unmarked police vehicle without following arrest procedures or notifying the MTA that he was placing the youth under arrest. Upon information and belief Fitzpatrick only lost two days for this incident. That same year he was promoted from Detective Sergeant to Lieutenant.

Kathleen Finneran
- Upon information and belief, in or around 1989, Finneran failed to report to work for one month in or around 1989. She escaped discipline and was steadily and subsequently promoted.

Timothy Harmon
- Upon information and belief, Harmon was involved in numerous car accidents and was not disciplined or disciplined leniently.
- Upon information and belief, Harmon abused alcohol while working and wasn't disciplined.
- Despite these violations, Harmon was promoted to a supervisory position within the Internal Affairs Bureau.

Thomas Dunn
- Upon information and belief, Dunn was involved in numerous car accidents in unmarked vehicles in 2005.

4

- In 2006, upon information and belief, he was investigated for having his daughter transported in police cars.
- Upon information and belief, Dunn discharged his weapon while driving on a highway and as a result was fired for fifteen minutes and then rehired.

Robert Terrett
- Upon information and belief, Terrett was charged with misusing a NYSPIN computer system and voluntarily reduced himself in rank which had no effect on his later promotions.

Terrance Culhane
- Upon information and belief, Culhane was involved in several car accidents with police vehicles which he was wrongly using while off-duty and was not disciplined for these violations.

Pursuant to Magistrate Judge Pitman's Order, plaintiffs reiterate their request for the defendants to produce the personnel files of decision makers/supervisors that have engaged in similar infractions and violations as the plaintiffs. Further, plaintiffs request that files be provided related to more egregious acts committed by supervisors where no penalty has been assessed or the penalty has been lenient. Specifically, plaintiffs request information on the violations listed above.

Plaintiffs believe that these issues can be resolved without court involvement.

Sincerely,

Deanna R. Waldron

Norman Siegel
Attorney for Plaintiffs
260 Madison Avenue
New York, NY 10016
(212) 532-7586

5