# EXHIBIT C

2007-12-13   04:50pm   From-LITTLER MENDELSON                                    T-056   P 003/005   F-345

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Marilyn Y. Armstrong, Marshall R. Mazyck, Lillian Alvarado, Gordon Urquhart, Blake J. Willett, Bryan Henry, Kenneth Davis, Eric Moore, Nzingha M. Kellman, and Michael Benjamin,

    Plaintiffs,

-against-

Metropolitan Transportation Authority, Elliot Sander, Executive Director and Chief Executive Officer of the MTA, William Morange, Deputy Executive Director/Director of Security of the MTA, Kevin McConville, Chief of the MTA Police Department, and Terrance Culhane, Assistant Deputy Chief of the MTA Police Department,

    Defendants.

Civil Action No. 07-3561(GEL)

ECF Case

STIPULATED ORDER FOR THE PROTECTION AND EXCHANGE OF DOCUMENTS COVERED BY NEW YORK CIVIL RIGHTS LAW § 50-a

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/7/07
```

---

THIS MATTER having been brought to the Court by Littler Mendelson, P.C. (Craig R. Benson, Esq. and Stephen A. Fuchs, Esq., appearing), attorneys for Defendants Metropolitan Transportation Authority ("MTA"), Elliot Sander, William Morange, Kevin McConville and Terrence Culhane, and responded to by Norman Siegel, Esq. and McLaughlin & Stern, LLP (Steven J. Hyman, Esq., Deanna R. Waldron, Esq. and Rachel D. Nicotra, Esq., appearing), attorneys for Plaintiffs Marilyn Y. Armstrong, Marshall R. Mazyck, Lillian Alvarado, Gordon Urquhart, Blake J. Willett, Bryan Henry, Kenneth Davis, Eric Moore, Nzingha M. Kellman, and Michael Benjamin, for an Order relating to the production of documents in this action within the scope of New York Civil Rights Law § 50-a; and the Court having heard the arguments of the parties in connection with such disclosure in open Court on November 30, 2007; and good cause appearing therefore;

2007-12-13   04:51pm   From-LITTLER MENDELSON                                T-058   P 004/005   F-345

IT IS THIS 14th day of December, 2007

ORDERED:

1. The MTA may produce in the course of discovery in this matter documents within its possession, custody or control relevant and material to the claims set forth in the Amended Complaint, in accordance with the requirements of the Federal Rules of Civil Procedure, notwithstanding that such documents may be documents within the scope of New York Civil Rights Law § 50-a. Specifically, the MTA may produce "personnel records, used to evaluate performance toward continued employment or promotion" of current or former MTA Police Department members.

2. Documents to be produced pursuant to paragraph 1 of this Order may be designated "Confidential" or "For Expert Eyes / Attorney Inspection Only" Information by the MTA, as the case may be, pursuant to the terms and conditions of the Stipulated Order for the Protection and Exchange of Confidential Information entered by the Court in this action on November 30, 2007.